# Wimberly *et al.* v. Windham

*Action on a Promissory Note.*

1. *Power of attorney; authority of agent thereunder.*—Where a power of attorney authorizes the agent to carry on a general mercantile business in a certain State, and to do all the necessary acts incident to said business, as fully as the principal might do, the agent is authorized to execute a note for the principal in the settlement of a lien claimed by a third person to cotton purchased by the agent within the scope of his authority; and the principal is liable upon such note.

2. *Promissory note; when maker is principal and not surety.*—Where the purchaser of cotton, having a lien thereon, signs a note with the seller of such cotton, in settlement of a lien claimed by a third person, he is a maker of said note, and not a surety thereon; being directly interested in and benefitted by such settlement.

3. *Continuance; discretionary with the court.*—The granting or refusal of an application for a continuance is discretionary with the trial court, and its rulings thereon are not revisable on appeal.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN R. TYSON.

A. B. Windham, the appellee, brought the present action against H. T. Wimberly and W. J. Nicholson, on February 12, 1890. The complaint counted upon a prom-

[Wimberly *et al.* v. Windham.]

issory note made by the defendants to Geo. W. Scott & Co., which said note had been duly transferred and assigned to the plaintiff.

When the cause was called for trial, the defendants moved the court for a continuance on account of the absence of the defendant Nicholson, who also was claimed to be a material witness for the defendant, H. T. Wimberly; the defendants' counsel stating to the court that he was informed that Nicholson was detained at home on account of the sickness of his (Nicholson's) wife; but no proof was offered or made of this fact. It was also made to appear to the court that Nicholson had not been subpœnaed as a witness for the defendant Wimberly. The court overruled the motion for a continuance, and the defendant duly excepted.

The book-keeper of H. T. Wimberly upon being examined as a witness, testified that the signature of H. T. Wimberly to the bond or promissory note which was introduced in evidence was written by M. W. Wimberly. To this testimony the defendants objected, on the grounds, 1st, that it was illegal; 2d, because M. W. Wimberly was not shown to be authorized to sign the name of H. T. Wimberly to said paper. The court overruled the said objection, and the defendants duly excepted. The plaintiff then offered in evidence the power of attorney of H. T. Wimberly to M. W. Wimberly, which is copied in the opinion. The defendants also objected to the testimony introduced in behalf of the plaintiff to the effect that M. W. Wimberly, as agent of H. T. Wimberly, had received cotton raised by Nicholson, upon which Geo. W. Scott & Co. claimed a lien. This objection was overruled and the defendants duly excepted. The other facts are sufficiently stated in the opinion.

In its general charge to the jury the court instructed them, among other things, as follows : ''If they find from the evidence that the consideration for M. W. Wimberly's signing H. T. Wimberly's name to the bond in suit was to extinguish or settle a lien claimed by Scott & Co. on the cotton received by him as the agent of H. T. Wimberly from Nicholson, then M. W. Wimberly had the authority to bind him by signing his name to said bond, and he would be a principal on said bond and not a security for said Nicholson, and the plaintiff would be entitled to a verdict as against him (Wimberly).'' The

[Wimberly *et al.* v. Windham.]

defendants duly excepted to this portion of the court's general charge, and also separately excepted to the court's giving to the jury, at the request of the plaintiff, the following charge:   (1.)  ''If the jury believe from the evidence that the consideration for Wimberly's signing the note in question was to extinguish or settle a lien or a claim on the cotton he had received from Nicholson during the fall of 1887, then the plaintiff Windham is entitled to recover, provided the defendants had failed to reasonably satisfy you that the note was to be surrendered, but was not in fact surrendered.''  Defendants also separately excepted to the court's refusal to give the following charge asked by them:   (2.)  ''Under the written power of attorney of H. T. Wimberly, M. W. Wimberly was without authority to execute the note, the foundation of this suit.''

There was judgment for the plaintiff.  Defendants appeal, and assign as error the rulings of the trial court upon the evidence and the charges given and refused.

J. C. RICHARDSON, for appellants.

L. M. LANE, *contra.*

COLEMAN, J.—The evidence shows that H. T. Wimberly was engaged in a general merchandise business and did an advancing business to his customers.  W. J. Nicholson became indebted to him, and on this indebtedness delivered a certain number of bales of cotton to M. W. Wimberly, who ''managed, collected and conducted'' the business for his brother H. T. Wimberly.  W. J. Nicholson was also indebted to Geo. W. Scott & Co., for guano, and for this indebtedness executed to them an instrument in writing, containing certain stipulations in regard to his cotton to be raised.  Scott & Co., through their agent, set up a claim to or lien upon the cotton delivered to M. W. Wimberly for H. T. Wimberly by Nicholson.  There was evidence tending to show that this contention was settled by Scott & Co.'s acceptance of an obligation payable to them signed by W. J. Nicholson and H. T. Wimberly, and which is the foundation of the present action.  The defendant H. T. Wimberly filed a sworn plea of *non est factum.*  H. T. Wimberly defended also upon the ground, that his name was signed as a

mere surety, to the obligation. It was admitted M. W. Wimberly signed the name of H. T. Wimberly. The following power of attorney executed by H. T. Wimberly to M. W. Wimberly, was introduced in evidence :

                    "Greenville, Ala., Feb. 5th, 1886.

  "Know all men that I, the undersigned of Loachapoka, Ala., do hereby make, constitute and appoint M. W. Wimberly of Greenville, Ala., my true and lawful attorney, for me, and in my name and stead to carry on a general mercantile business in the city of Greenville, Ala., to do and perform all the necessary acts in the execution and promotion of the aforesaid business and in as full and ample a manner as I might do, if I were personally present."

The power of attorney authorized the agent to make the settlement that was made with Scott & Co. The business was within the scope of his authority. The case is distinguishable from the principles declared in *Scarbrough v. Reynolds*, 12 Ala. 252 ; *Brantly v. So. Life Ins. Co.*, 53 Ala. 554.

Whether his name was signed as principal or surety, he was equally bound by the obligation, but the facts show he was directly interested in and benefitted by the settlement made with Scott & Co. in regard to the cotton, and this settlement was the consideration of the contract sued upon. His relation was not that of a mere surety.—*M. & O. R. R. Co. v. Nicholas*, 98 Ala. 92.

The granting or refusal of an application for a continuance is discretionary with the trial court, and not revisable on appeal.

There is no error in the record.

Affirmed.