BACON, DAWSON & COMPANY, Appellants, v. FARMERS' BANK, Respondent.

#### Kansas City Court of Appeals, April 3, 1899.

**Banks and Banking**: POWER OF CASHIER: GUARANTY. A bank, and therefore its cashier, has no authority to guarantee commercial paper or to become an accommodation indorser thereon, even though the party accommodated uses the money borrowed for the payment of a demand due the bank.

*Appeal from the Gentry Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

PATTON & SHOEMAKER for appellants.

It appears that for two years Robertson had been borrowing money from Bacon, Dawson & Company for the bank, with which to accommodate its customers, and had been indorsing the notes given therefor in the same manner as he indorsed this one; that he had borrowed the bulk of the money needed by the bank from Tootle, Lemon & Company, of St. Joseph, Missouri, and had been securing them by indorsing and turning over the bank's securities to them for that purpose; and in order that the cashier's authority to do so might not be questioned, the board of directors, at the annual meeting in March, 1895, adopted a resolution authorizing him "To borrow money for this corporation and issue its obligations therefor." Borrowing money with which to accommodate its customers (and Oates was a customer) was borrowing money for the bank. Again, after the passage of the act of the General Assembly (Acts 1895, page 120), prohibiting a bank cashier or other employee from indorsing, pledging or hypothecating any of its notes, bonds or obligations, until such power or authority had been given by the board of directors, the board of directors of this bank met and passed another resolution in aid of the former one, giving its cashier unlimited authority "To borrow money for this corporation and to issue its obligations therefor." This the cashier did when he negotiated this loan and guaranteed the payment of Oates' note. The authority of the cashier to make this indorsement was full and complete, and in making it he acted within the scope of his authority. This being one only of the many transactions of this kind extending over a period of two years, the corporation, or its assignee, will not now be heard to controvert the cashier's authority to make this particular indorsement. Blake v. Machine Co., 38 Atl. Rep. p. 241, and authorities therein cited; Donnell v. Bank, 80 Mo. 165; Ringling v. Kohn, 6 Mo. App. 333; Caldwell v.

Bank, 64 Barb. 333; Martin v. Webb, 110 U. S. 7; 28 L. C. P. Co. 49; Bank v. Gaslight Co., 159 Mass. 505; Bank v. Dick, 73 Mo. App. 354; Cook on Stock and Stockholders and Corp. Laws [3 Ed.], sec. 718; Leonard v. Latimer, 67 Mo. App. 138; Bank v. Martin, 70 Texas 643; s. c., 8 Am. St. Rep. 632; Akers v. Bank, 63 Mo. App. 316; Bank v. Bank, 10 Wal. 604; s. c. 19 L. C. P. Co., 1008; Railroad v. Quigley, 21 How. 202; s. c., 16 L. C. P. Co., 73; Houghton v. Bank, 26 Wis. 663; s. c., 7 Am. Rep. 107.

McCullough, Peery & Lyons and Sallee & Goodman for respondent.

(1) "A corporation has no power to bind itself by becoming an acceptor, maker or indorser of accommodation paper for the benefit of other persons or corporations, even though a consideration is received for the loan of its credit upon the paper. And since the corporation itself has no such power, of course it can not authorize its officers to bind it by making or indorsing such paper." 1 Am. and Eng. Ency. of Law [2 Ed.], p. 348; Bank v. Ger. Am. Co., 116 N. Y. 281; Webster v. Howe Co., 54 Conn. 394; Bank v. Empire Co., 26 Barb. 23; Morford v. Bank, 26 Barb. 568; Bank v. Wells, 79 N. Y. 498; Bank v. Bank, 13 N. Y. 308; Bank v. Empire Co., 30 Barb. 421; Smead v. Railroad, 11 Ind. 105; Hall v. Auburn Turn. Co., 27 Cal. 256; 7 Am. and Eng. Ency. of Law [2 Ed.], p. 788; Tiedeman on Com. Pap., sec. 116; I Dan. Neg. Insts., sec. 386; Plank Road Co. v. Plank Road Co., 7 Wis. 59; 1 Randolph Com. Pap., sec. 334; Bank v. Young, 41 N. J. Eq. 531; 7 Am. and Eng. Ency. of Law [2 Ed.], pp. 789, 790; 1 Morse on Banks, sec. 65; Seligman v. Bank, 3 Hughes 647; 1 Morse on Banks, secs. 156, 158; Tiedeman on Com. Pap., sec. 120; Flannagan v. Bank, 56 Fed. Rep. 959; Bank v. Atkinson, 55 Fed. Rep. 465; Bank v. Seymour, 73 N. W. Rep. 724.

GILL, J.—Plaintiffs were copartners and engaged at Chicago in loaning money to stock feeders. The Farmers' Bank of King City was a corporation organized under the banking laws of this state. In October, 1895, said plaintiffs loaned to one Cates at King City, Missouri, the sum of $1,600 and took Cates' note, payable ninety days after date to the order of said Bacon, Dawson & Company, and to secure the same Cates executed to said payees a chattel mortgage on a lot of cattle. The loan was effected through a correspondence between plaintiffs at Chicago and D. F. Robertson, cashier of the King City bank; and by agreement between the parties, said Robertson, as cashier, undertook to guaranty the payment of the Cates note, and for that purpose wrote the following indorsement on the back thereof: "We guarantee payment of this note at maturity or any time thereafter, waiving notice of protest and demand. (Signed.) D. F. Robertson, Cas'r."

After the execution of the papers at King City, Missouri, Robertson forwarded them by mail to plaintiffs at Chicago, the money was paid over and the same went to the satisfaction of a former debt owing by Cates to the King City bank. Cates failed to pay the $1,600 note when it matured and plaintiffs were enabled to realize only about $600 out of the mortgaged cattle. In the meantime the King City bank had become insolvent and made an assignment for the benefit of its creditors. Thereupon plaintiffs presented a demand to the assignee, claiming the bank was indebted to them for the balance due on the note, amounting to something over $1,000, basing said claim on the writing indorsed by Robertson as cashier on the back of the Cates note. The assignee disallowed the claim; and on an appeal to the circuit court, where the case was tried by the court without a jury, a like judgment was had in defendant's favor, and from this plaintiffs have appealed.

The case turns on the authority of the cashier of the Farmers' Bank of King City to bind it by the written guaranty indorsed by said cashier on the back of the note made by Cates to Bacon, Dawson & Company. The trial court held that the bank was not bound by the pretended guaranty of the cashier, and we are of the same opinion. It was an attempt by the cashier to pledge the bank's credit for the benefit and accommodation of Cates. Neither the bank, its cashier, or any officer thereof, had authority to make such a contract. It was not the case of an ordinary discount of paper payable to the bank, or owned by it, and which the bank or its officers might indorse and dispose of. On the other hand the transaction was between Bacon, Dawson & Company and Cates; the latter was seeking to borrow money from the former, made his note and mortgage to them for that purpose, and the cashier comes forward and attempts to loan the credit of his bank for the benefit of the borrower. This was not within the scope of the bank's business; it was not organized to conduct business of that character. It had only such powers as were granted expressly or impliedly by its charter—the statute of the state; and among these will not be found authority to go security for another in a case like this. "Lending credit is the exact opposite of lending money, which is the real business of a bank, for while the latter creates a liability in favor of the bank, the former gives rise to a liability of the bank to another. It is uniformly held, therefore, that a bank can not be an accommodation indorser * * * nor be surety for another in any business in which it has no interest and can derive no profit." 1 Morse on Banks and Banking [3 Ed.], sec. 65. "Unless a corporation is expressly authorized to become a party to accommodation paper, it has not the power to bind itself by its issue, for accommodation paper can not be considered

*Margin note:* BANKS and banking: power of cashier: guaranty.

to be issued in the course of the regular business of the corporation, unless the corporation has been expressly authorized, and has been expressly created, to do that kind of business. * * * The same rule applies to corporations becoming guarantors or sureties for another. Unless expressly authorized, their guaranties are *ultra vires,* and therefore illegal acts." Tiedeman on Com. Pap., sec. 116. See, also, title "Accommodation Paper," 1 Am. and Eng. Ency. of Law [2 Ed.], and authorities there cited. The author thus states the rule (page 348): "A corporation has no power to bind itself by becoming an acceptor, maker or indorser of accommodation paper for the benefit of other persons or corporations, even though a consideration is received for the loan of its credit upon the paper. And since the corporation itself has no such power, of course it can not authorize its officers to bind it by making or indorsing such paper." See, also, 7 Am. and Eng. Ency. Law [2 Ed.] 788.

And under these authorities, it can make no difference that the party accommodated uses the money borrowed, as here, for the payment of a demand which the accommodation indorser holds against the party for whose benefit the pretended promise is made. Gillespie v. Campbell, 39 Fed. Rep. 724; Youngs v. Ball, 9 Watts (Pa.) 139; 7 Am. and Eng. Ency. Law [2 Ed.] 789. The judgment is for the right party and will be affirmed. All concur.