NORTH TEXAS STATE BANK v. CROW-
LEY-SOUTHERLAND COMMIS-
SION CO.

(Court of Civil Appeals of Texas. Texarkana. March 15, 1912. Rehearing Denied March 28, 1912.)

1. CORPORATIONS (§ 484*)—POWERS — ULTRA VIRES TRANSACTIONS — GUARANTY CONTRACTS—GUARANTY FOR OWN BENEFIT.

A corporation organized to buy and sell cattle had power to guarantee payment of an indebtedness due a bank from a firm as a part of the purchase price of cattle bought by the corporation from such firm.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1815; Dec. Dig. § 484.*]

2. CORPORATIONS (§ 484*)—ULTRA VIRES ACTS—GUARANTEEING DEBTS.

A firm was indebted to both defendant corporation which was organized to buy and sell cattle, and to a bank which was seeking to collect its debt, and the corporation, in order to collect its debt, agreed with the firm that it would take possession of the firm's cattle, which was all the property it had, and guarantee the firm's indebtedness to the bank and sell the cattle, and apply the proceeds first to the guaranteed debt and then to the firm's indebtedness to the corporation. Held that since the corporation executed the guaranty contract to aid in the collection of the debt due it, arising in the due course of its business and to protect itself from loss, the guaranty contract was not ultra vires.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1815; Dec. Dig. § 484.*]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Action by the North Texas State Bank against the Crowley-Southerland Commission Company and others. From a judgment sustaining a demurrer to the petition as to the commission company, plaintiff appeals. Reversed and remanded as to defendant named.

Spoonts, Thompson & Barwise, of Ft. Worth, for appellant. Bryan & Spoonts and Cummings, Doyle & Bouldin, all of Ft. Worth, for appellee.

LEVY, J.    Travis Bros., a partnership, by a previous authorized course of dealing with the appellant bank had on December 8, 1909. overdrafted $5,300. On December 24, 1909, the Crowley-Southerland Commission Company, a private corporation chartered for the purpose of raising, buying, and selling live stock, made, executed, and delivered to the appellant bank the following writing: "North Texas State Bank, Ft. Worth, Texas. Gentlemen: We hereby agree to guarantee the payment to you an amount not exceeding $5,000 on or before January 1, 1910, now owing you by Travis Bros. for cattle purchased on the stockyard here by said Travis Bros., same being in our possession." The appellant bank sued Travis Bros. for the debt, and the commission company on its alleged undertaking. The court sustained a general demurrer to the petition so far as it sought a recovery against the Crowley-Southerland Commission Company upon the ground that the contract of guaranty was void as being beyond the charter power of the commission company to make.

[1] It does not appear entirely from the petition, we think, that the contract of guaranty was not binding upon the commission company by reason of its being ultra vires and void. Giving the allegations in the first, or direct, count in the petition the meaning which by reasonable intendment should be given them, the facts would there appear to show that the instrument executed by the commission company was not executed as a guaranty to the bank of the pre-existing debt of Travis Bros. for the mere accommodation of Travis Bros., and in which the commission company had no interest. It is there averred that Travis Bros. sold and delivered to the commission company certain cattle exceeding 200 head and of value exceeding $5,000, and that as a part of the consideration of the purchase and sale of the cattle the commission company agreed to guarantee to the bank the payment of the in-

debtedness owed by Travis Bros. to the bank at its maturity on January 1, 1910, and to pay such indebtedness on the date of its maturity. If these were the facts intended to be alleged as supporting the instrument and its execution, and it reasonably so appears, then the instrument was in reality an engagement by the commission company to pay its own debt to Travis Bros. for the cattle to a particular person designated by Travis Bros., to whom the debt belonged and who had the legal right to make such payment a part of the contract of sale of the cattle. As to the power of the commission company in such respect, we think it sufficient to say that the commission company, being chartered for the purpose of buying and selling cattle, would have the power to undertake the payment of the indebtedness of Travis Bros. direct to the bank at its maturity in payment of the purchase price of cattle bought by it from Travis Bros., if that mode of payment was satisfactory and agreed to by Travis Bros.

[2] In the next or alternative count, treating it on the whole as an intendment to allege a state of facts that might appear to be the real facts in the trial, the facts would there appear to show that Travis Bros. were indebted each to the commission company and the bank, and that the bank was then seeking the collection of its debt against Travis Bros., and that the commission company, in order to collect its indebtedness against Travis Bros., they having no other property than the cattle subject to the payment of debts, entered into an arrangement and agreement with Travis Bros. to the effect that the commission company should take possession of the cattle, guarantee, not exceeding $5,000, the indebtedness due by Travis Bros. to the bank, and then proceed to sell the cattle and apply the proceeds of the sale, first, to the extinguishment of the Travis Bros.' debt as guaranteed to the bank, and next to the Travis Bros.' indebtedness to the commission company and its commissions for the sale; that on the delivery of the cattle the guaranty was executed, and the commission company proceeded to sell the cattle for more than enough money to pay off the debt of Travis Bros. guaranteed to be paid out of such sale to the bank. If these were the facts intended to be alleged as supporting the instrument and its execution, and by reasonable intendment it appears so, then the commission company executed the instrument as an aid to it in accomplishing the collection of a debt owing to it by Travis Bros. in the due course of business, and to protect itself against a probable loss of the debt due to it by Travis Bros. It is sufficient to say that the guaranty under these circumstances was not void as an ultra vires act on the part of the commission company.

We do not think the petition can be further construed as distinctively presenting the plea of estoppel, as urged in the brief, and therefore such question is not to be regarded as involved in the ruling here on the demurrer.

The judgment is reversed and the cause remanded. The judgment as to Travis Bros., not being appealed from, will remain undisturbed.