error, is as secure from oppression as he ought to be, and is only prevented from turning the party who. has obliged him round to litigation, which can almost always be rendered fruitless by making away with the means of performing that which was promised." But, for another reason, the appellee did no wrong to the appellant in entering judgment and issuing execution against him, for he himself testified, on his direct examination, that he had given the judgment note to the appellee that his goods might be taken in execution if he "couldn't come up and pay" the original note when it became due. This admission estopped him from alleging that the sheriff's sale of his goods was unlawful, and in itself justified the entry of the nonsuit. The ground upon which it was entered was good. The writ of fi. fa. upon which the appellant's goods were sold was not returnable until six weeks after his return home and he had full knowledge of what had happened in his absence; but he took no steps to have the sale set aside. If it was unfair, irregular or fraudulent, he had a remedy under the Acts of April 10, 1849, P. L. 597, and March 10, 1858, P. L. 91. He permitted the title to the goods to become complete in the appellee, and thereafter he had no cause of action against him.

The assignments of error are overruled and the judgment is affirmed.

---

Safe Deposit & Trust Company of Pittsburgh, Appellant, *v.* Federal Street and Pleasant Valley Passenger Railway Company.

*Corporations — Public service corporations — Street railways — Guaranty of bonds of bridge company—Ultra vires act—Suit on guaranty.*

1. The powers given in the charter of a quasi public corporation, such as a street railway, are to be exercised in serving the public,

498 SAFE D. & TR. CO., Appel., *v.* F. S. & P. V. P. RY. CO.

Syllabus—Opinion of Court below.        [255 Pa.

and the contract of such company shall be limited to those purposes authorized by the terms of its charter.

2. In an action by the holder of bonds of a bridge company, against a street railway company which had guaranteed the payment of the interest on such bonds, to recover interest which the bridge company had failed to pay, judgment was properly entered for the defendant non obstante veredicto where it appeared that there was nothing in defendant's charter authorizing such contract of guaranty, and there was no consideration for the guaranty.

3. In such case the contention that the bridge was built for the accommodation of the street railway company and that such fact constituted a sufficient consideration for the guaranty, was without merit where a written contract between the bridge company and the defendant provided for compensation to the bridge company for its grant of the right to occupy the bridge with defendant's tracks, and such contract did not refer to the guaranty.

Argued Oct. 13, 1916. Appeal, No. 128, Oct. T., 1916, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1914, No. 2477, entered non obstante veredicto in case of The Safe Deposit & Trust Company of Pittsburgh v. Federal Street and Pleasant Valley Passenger Railway Company. Before Brown, C. J., Mestrezat, Potter, Stewart and Frazer, JJ. Affirmed.

Assumpsit on alleged contract of guarantee.

The facts appear in the following opinion by Evans, J.:

Plaintiff was the holder of $40,000 of bonds of the Pittsburgh & Allegheny Bridge Company. The bridge across the Allegheny river owned by that bridge company was condemned by the County of Allegheny, and the damages awarded were about $40,000 less than the issue of bonds. On the bonds as issued by the Pittsburgh & Allegheny Bridge Company was the following signed by the president and secretary of the Federal Street and Pleasant Valley Passenger Railway Company:

"In pursuance of a contract entered into between the president and managers of the Pittsburgh and Allegheny

Bridge Company, and the Federal Street and Pleasant Valley Passenger Railway Company, the Federal Street and Pleasant Valley Passenger Railway Company hereby guarantees to the legal holder of this bond the payment of the interest as it shall become due and payable under the terms hereof."

The plaintiff brings this suit to recover the interest which it alleges to be due on the bonds held by it of the Pittsburgh & Allegheny Bridge Company. The contract referred to in the above guarantee is the contract by which the Federal Street and Pleasant Valley Passenger Railway Company acquired permission to cross the bridge of the Pittsburgh & Allegheny Bridge Company with its cars, and binds the Federal Street and Pleasant Valley Passenger Railway Company as follows:

"The party of the second part agrees to pay to the party of the first part the sum of three thousand dollars ($3,000) per year as a rental or toll for the right to occupy said bridge with its street railway. Said rental to be paid semi-annually in equal payments of fifteen hundred dollars ($1,500) each, on the last days of June and December. And the said party of the second part here further agrees to pay as rental in addition to said three thousand dollars per year whatever sum is necessary over and above the gross earnings of the bridge to meet the annual fixed charges, expenses, repairs and taxes of said bridge."

The Federal Street and Pleasant Valley Passenger Railway Company defendant to this suit of the plaintiff, first, alleging that the officers, the president and secretary, had no authority from the board of directors to execute the guarantee, and, second, that the act was an ultra vires act, and without consideration, purely as an accommodation to the Pittsburgh & Allegheny Bridge Company, I instructed the jury that even if the directors had not authorized the president and secretary to execute the contract of guarantee, the board had ratified their acts subsequently. The contract of guarantee was

500 SAFE D. & TR. CO., Appel., *v.* F. S. & P. V. P. RY. CO.

Opinion of Court below.                    [255 Pa.

unquestionably an ultra vires act.   There was nothing
in the charter of the Federal Street and Pleasant Valley
Passenger Railway Company authorizing it to guarantee
the interest on the bonds of another corporation, and this
is particularly the case when there was no consideration
passing to the Federal Street and Pleasant Valley Pas-
senger Railway Company for the contract of guarantee.

It is urged that the fact that a bridge was going to
be built for the accommodation of the street railway
company was sufficient consideration for the guarantee
of the bonds of the bridge company.   The contract be-
tween the bridge company and the street railway com-
pany provides for the compensation to the bridge com-
pany for its grant to the street railway company of the
right to occupy the bridge with its railway, and that is
the full consideration.   It is said in this contract of
guarantee that it is made in pursuance of a contract be-
tween the bridge company and the street railway com-
pany, but there is nothing in that contract by which the
street railway company agrees to guarantee the interest
on the bridge company's bonds, and the fact that the
bridge company was going to construct a new bridge is
no consideration passing to the street railway company
that it has not agreed to pay for in its contract with the
bridge company.

To the same effect was the argument in support of the
guarantee in the case of Humboldt Mining Co. v. Ameri-
can Manufacturing, Mining & Milling Co., 62 Fed. Repr.
356.   In that case the defendant company guaranteed
the contracts of the plaintiff company, which was con-
structing a mining plant, and it was urged there was a
consideration for the guarantee because the manufactur-
ing company secured the sale of the iron to be used in
the construction of the mining plant, but the court held
there was no consideration for the guarantee.

This is not one of that class of cases where the courts
have held that a corporation having received the benefits
of a contract cannot refuse to perform its part of the

contract because the act was ultra vires.    The street railway company got nothing by its contract of guarantee.

The fact that the defendant is a quasi public corporation, and that the powers given it in its charter are to be exercised in serving the public is a strong reason why its contracts should be limited to those authorized by the terms of its charter.    The public is interested in preventing this corporation from wasting its assets by ultra vires contracts.

I am of opinion that the contract of guarantee executed by the officers of the defendant corporation was without consideration and ultra vires, and judgment in this case should be entered for the defendant.

The lower court entered judgment for the defendant n. o. v.    Plaintiff appealed.

*Error assigned,* among others, was the order of the court.

*William A. Jordan,* with him *Thomas D. Chantler, William H. McClung, Park J. Alexander* and *S. A. Mc-Clung, Jr.,* for appellant.

*Edwin W. Smith,* of *Reed, Smith, Shaw &-Beal,* for appellee.

Per Curiam, January 8, 1917:

This judgment is affirmed on the opinion of the learned court below directing it to be entered non obstante veredicto.