## In re STEELE FURNITURE CO.*

### Appeal of AMERICAN WHOLESALE CORPORATION.

(Circuit Court of Appeals, Third Circuit. February 15, 1927. Rehearing Denied March 23, 1927.)

No. 3520.

1. Corporations ⬤⟿388(2)—Corporation retaining benefit of performance is estopped to set up ultra vires character of contract, but may do so if benefit was not received.

Corporation, receiving and retaining benefit of performance of contract by other party, is estopped to set up ultra vires character of contract; but if it has not received benefit therefrom, such defense is open to it.

2. Corporations ⬤⟿388(2)—Evidence held not to show corporation guarantying accounts had received benefit, precluding seting up ultra vires character of contract.

Evidence held not to establish that corporation guarantying accounts of another corporation controlled by same person had received any benefit from contract which would preclude defense that contract was ultra vires.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

In the matter of the bankruptcy of the Steele Furniture Company. From a decree sustaining an order of the referee disallowing the claim of the American Wholesale Corporation, claimant appeals. Affirmed.

J. Julius Levy, of Scranton, Pa., and Frank R. S. Kaplan, of Pittsburgh, Pa., for appellant.

A. E. Kountz (of Kountz & Fry), of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. George E. Lorch was president, sole surviving director and owner of 89 per cent. of the shares of the Steele Furniture Company, a corporation chartered for "the manufacture, purchase and

*Certiorari denied 47 S. Ct. 768, 71 L. Ed. —.

sale of all kinds of furniture and other merchandise related thereto," doing business in Allegheny County, Pennsylvania. Lorch was also president and owner of a majority of the shares of Lorch Bros. Company, a corporation engaged in a like business in the same place and elsewhere. Being managing official of both corporations and assuming responsibility for their financing, Lorch would, at times, shift assets from one to the other rather freely, as, for instance, when he manipulated and pledged with finance companies installment lease accounts belonging to the Furniture Company and turned over the money received from them—about $100,000—to Lorch Bros. Company.

In March, 1924, Lorch Bros. Company, aside from its indebtedness to the Furniture Company of about $210,000, owed the American Wholesale Corporation $39,000 for merchandise. On inquiries in respect to this indebtedness made by that concern, Lorch told its representative that Lorch Bros. Company was indebted to the Furniture Company; that he controlled both companies; that Lorch Bros. Company needed more merchandise, and in order to obtain an increased line of credit and secure past and future indebtedness he, acting for the Furniture Company without notice to or authority from the corporation or any of its officials or shareholders, gave the Wholesale Corporation what purported to be a written guaranty of the accounts of Lorch Bros. Company made by the Furniture Company and himself to the extent of $49,000. Concededly on the faith of this guaranty the Wholesale Corporation later sold merchandise to Lorch Bros. Company amounting finally to the sum of $76,000; and, later, the Furniture Company increased its cash advances to Lorch Bros. Company from $210,000 to $366,000 and received payment of about $117,000 on account. In October, 1924, both of these Lorch companies went into bankruptcy accompanied by Lorch himself.

The Steele Furniture Company filed a claim against the estate of Lorch Bros. Company in the sum of $252,984.60, which has been allowed. The Wholesale Corporation filed a claim against the estate of Lorch Bros. Company in the sum of $70,000 for merchandise sold and (on the guaranty mentioned) it filed claims against the Furniture Company for $49,000, and against Lorch for the same amount. The contest, it will be seen, is between the general creditors of the Furniture Company on the one hand and the Wholesale Corporation on the other not only for the dividends which may be declared on the claim of the Furniture Company against Lorch Bros. Company but also for the assets of the former company. These will be available to one or the other in large or small measure according as the claim of the Wholesale Corporation on the guaranty shall be allowed or disallowed. On exceptions, the referee disallowed the claim of the Wholesale Corporation against the Furniture Company on the ground that the act of Lorch in causing that company to guarantee merchandise accounts of Lorch Bros. Company was without authority and the act of that bankrupt corporation in making the guaranty was ultra vires and that, no benefit therefrom having enured to the company, it (or its trustee) was not estopped from setting up that defense. On a certificate, the District Court sustained the referee's order and from that action the Wholesale Corporation has taken this appeal.

[1, 2] We shall limit this review to one phase of the question of ultra vires. In the trial court and in this court the parties discussed at length the theory of the law of that subject and from the conflict of judicial decisions drew different conclusions. We are not presently concerned with what is the correct principle—whether a contract made beyond chartered powers is absolutely void, and recovery can only be had on principles of quasi contracts, or that the contract is not void, that the corporation in fact made it, and thereafter it is merely a question of public policy whether it should be enforced—for within either principle all courts agree that if the corporation has received and retained the benefit of performance by the other party, it is estopped to set up the ultra vires character of the contract and, on the contrary, if it has not received that benefit, the defense is open to it. 3 Fletcher, Cyc. Corp. 2610, 2612; 1 Williston on Contracts (1920) 522; Clark on Corporations, 167; Lyon Potter & Co. v. First National Bank, 85 F. 120 (C. C. A. 8th); Marshall v. Knights (Mo. App.) 270 S. W. 418; Kendall v. Klapperthal Co., 202 Pa. 596, 52 A. 92; Hess v. W. & J. Sloane, 66 App. Div. 522, 73 N. Y. S. 313, Id., 173 N. Y. 616, 66 N. E. 1110; Safe Deposit & Trust Co. v. Federal, etc., Railway Co., 255 Pa. 497, 100 A. 320; Central Transportation Co. v. Pullman, 139 U. S. 59, 11 S. Ct. 478, 35 L. Ed. 55. Therefore the question whether the Furniture Company received a benefit from the Wholesale Corporation's performance becomes one of fact. It cannot be solved by laying the facts of this case along side the facts of the cases cited and then comparing them,

for all are distinguishable in one way or another. It must be decided on its own facts. The Wholesale Corporation states them thus:

(a) The Furniture Company was a creditor of Lorch Bros. Co. in a large amount. The Wholesale Corporation, also a creditor, relying on the Furniture Company's guaranty forbore to sue Lorch Bros. Company or demand payment of its claim. By not precipitating the collapse of Lorch Bros. Company and possibly at the same time bringing about the failure of the Furniture Company it extended a benefit to that corporation. There is nothing to show that the Wholesale Corporation was thus moved to withhold suit. In truth, it did not sue, but this fact is open to several constructions. On the showing, we think this claimed benefit is rather ethereal.

(b) In an attempt to show another benefit which enured to the Furniture Company as a result of its contract of guaranty, the Wholesale Corporation points to the fact that after the guaranty it sold Lorch Bros. Company more than $40,000 worth of merchandise and to another fact that after the guaranty the Furniture Company recovered $117,000 of its debt from that company. That is true; yet after the guaranty the Furniture Company made to Lorch Bros. Company additional advances amounting to $156,000. As there is no evidence on the subject, no one can tell whether the recovery of $117,000 was made possible by the Wholesale Corporation's extension of credit in the sum of $49,000, or by the Furniture Company's advances in a larger amount, or by some other circumstance.

(c) And finally, the Wholesale Corporation says that the Furniture Company is still a creditor of Lorch Bros. Company, that whatever assets the latter company, now in bankruptcy, may have, they were augmented by the Wholesale Corporation's sale of goods to the extent of $49,000 made on the faith of the Furniture Company's guaranty, and that from these assets thus increased the Furniture Company will receive a benefit in the form of increased dividends on its claim against Lorch Bros. Company which in conscience a court of equity should prevent. What this may amount to in money is not revealed. It may be something or nothing according to the size of the estate of Lorch Bros. Company and according to the costs of administering it. We must therefore view the contention in the abstract and in doing so we are persuaded that whatever benefit might conceivably arise is too unsubstantial and remote to operate as an estoppel to a defense of ultra vires. It is not every indirect and remote benefit that operates to estop a corporation to deny its liability by reason of an action beyond its powers. We find nothing in this case which can be identified as a benefit, direct or indirect. The matters suggested are, in our opinion, not only remote but so intangible as to be elusive in argument. It follows that the decree, based on facts found by both the referee and the court showing the ultra vires character of the guaranty relied on, must be affirmed.