FRENCH v. LONG et al.

No. 2931.

Circuit Court of Appeals, Fourth Circuit.

June 26, 1930.

Lockett C. Ely, of Knoxville, Tenn. (Walter B. Phipps, of Clintwood, Va., on the brief), for appellant.

C. R. McCoy, of Clintwood, Va. (George C. Sells, of Johnson City, Tenn., and Roland E. Chase, of Clintwood, Va., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and HAYES, District Judge.

HAYES, District Judge.

This is an appeal from an order in bankruptcy refusing to reconsider and strike out the claim of appellees which had been previously proven without objection.

The validity of the claim depends on the proper determination of whether the notes, the basis of the claim, were without consideration and were ultra vires acts of the bankrupt. Many collateral questions are presented which we deem unnecessary to discuss.

The Cumberland Elkhorn Coal Company, the bankrupt, was a corporation, chartered by, and doing business in, Virginia, whose stock was owned by appellees. July 28, 1922, appellees sold their stock to G. G. Croley, W. G. Peterson, T. P. Witherspoon, Sam T. Buffat, and W. C. Whittaker for $100,-000, $25,000 being paid in cash and the $75,000 balance was settled by the corporation executing its notes to appellees and securing same by a mortgage on its property by authority of all the stockholders and directors. Appellees assumed the payment of the company's outstanding indebtedness amounting to $56,000 and secured in its name a lease of the value of $15,000.

Croley and associates operated the mine about eleven months, making approximately $27,000 above all expenses, and abandoned the property.

The mortgage was foreclosed in August, 1923, when the appellees became the purchasers at the price of $26,500, which was credited on the notes. Subsequently, August 29, 1923, an involuntary petition in bankruptcy was filed against the company and the order of adjudication was filed September 19, 1923. G. Mark French was elected trustee.

Appellees sued Croley and associates in Tennessee for the fraudulent dissipation of the assets of the corporation, in which suit the trustee by order of the bankrupt court became a party complainant, which resulted in a judgment in favor of the trustee for $14,250. This recovery constitutes the only asset for distribution among several creditors whose claims amount to $3,500 and the claim of appellees which is between $45,000 and $50,000. Appellees employed counsel and paid the expense of the trial and the appeals to the Court of Appeals and the Supreme Court of Tennessee. The trustee's participation in the litigation was nominal. After the failure of Croley and associates in the courts of Tennessee to retain the assets of the corporation which they had wrongfully dissipated, they entered into a contract with a creditor whose claim amounted to $115 to permit them, in its name, to employ their counsel in the bankruptcy court to defeat the claim of appellees and to remove the trustee. They entered into a bond with this creditor to pay its claim in full at the end of the litigation and to pay all expenses including attorney's fees, regardless of the outcome of the litigation. Their counsel next succeeded in inducing the trustee to permit them to use his name in an effort to defeat the claim of appellees, entering into a bond with him to save the estate any expense involved in the effort. Succeeding steps in the litigation have been prosecuted by the unsuccessful defendants in the Tennessee court but in the name of the trustee by the counsel of those defendants. No other creditor manifested any interest in it.

Motion was made to reconsider and strike out the claim of appellees under section 57k of the Bankruptcy Act (11 USCA § 93(k):

"Claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part, according to the equities of the case, before but not after the estate has been closed."

The reasons assigned for striking out the claim were as follows: (a) Because the

claimants had estopped themselves to insist upon their claim in this court by virtue of their having sued the individuals in Tennessee courts on the same notes alleging that they were fraudulent as to the corporation; (b) because the claimants came into this court with unclean hands; (c) because the claimants had received and retained a preference; (d) because the notes forming the base of the claim were without consideration; (e) because the act of the corporation in executing said notes was ultra vires; (f) because the deed of trust foreclosed by the claimants was void because there was included therein a shifting stock of merchandise and because said deed of trust was void for the further reason that it violated section 167 of the Constitution of Virginia 1902.

After hearing the evidence—the substance of which has been stated above—the referee refused the motion and the District Judge affirmed his ruling, from which this appeal is prosecuted, assigning error for the court's refusal to rule according to appellants' several contentions.

Ordinarily the trustee represents all the creditors, and when he acts he does so for the benefit of the estate. He possesses the rights of the creditors for the purpose of recovering and preserving and protecting assets of the bankrupt for distribution among the creditors. His position is one of great trust in the administration of bankrupt estates, and his conduct should be, at all times, consonant with the highest conceptions of equity and good conscience. The trustee should never occupy a dual position in respect of the estate. Any other course breeds contempt for the administration of the increasing bankruptcy proceedings.

After the trustee had recovered from Croley and associates—at the expense and effort of appellees, and without assistance from any other creditors—the only asset for distribution, it was very improper for him to lend his name to those unsuccessful defendants who had wronged the bankrupt for the purpose of making this motion or prosecuting this appeal. Those defendants were in no position to make the motion to reconsider. They were debtors of the bankrupt. A debtor has no standing in court permitting him to make and prosecute the motion. In re Pittsburgh Lead & Zinc Co., Consol. (D. C.) 198 F. 316. If the debtor could not do it directly, should this court permit them through their circuitous efforts to do it? We think not. Every equitable consideration leads us to this conclusion. To hold other-

wise would permit these defendants to defeat the recovery of the trustee in Tennessee. They could cancel that $14,250 judgment by paying the $3,500 of claims. And that is the real motive behind the litigation. Moreover, they are neither creditors nor assignees of creditors. They have hired a creditor to permit them to prosecute the litigation in its name without expense to it and without voice or authority over the litigation. With this foundation the structure is completed by procuring the name of the trustee under substantially similar circumstances. The evidence points unerringly to the conclusion that the motion in reality is a motion of the debtors in the name of the trustee and under circumstances which this court cannot condone.

There is another valid reason why the motion should be denied. The petition to reconsider was not filed until more than three years after the claim had been allowed. During this time the trustee joined the appellees in a suit to recover the corporate assets for the use of the trustee and appellees. The motion should be denied on account of laches. It would be inequitable to allow the trustee to receive the benefit of the litigation carried on by appellees for their mutual benefit, and so stated in the pleadings, and now contest the claim which has been allowed by the court and which the trustee has so solemnly recognized in the courts of Tennessee. A court of Bankruptcy is a court of equity. Bardes v. National Bank, 178 U. S. 524, 20 S. Ct. 1000, 44 L. Ed. 1175. It cannot permit such inequitable conduct by its administrative representative. For these reasons the District Judge committed no error in denying the motion.

If it be conceded that the debtors could prosecute the motion, they are in no position to press the points assigned against the appellees. The notes are not accommodation papers. The evidence clearly shows that the corporation received $71,000 consideration and enjoyed the benefits derived therefrom. Under such circumstances, the bankrupt cannot avoid liability on the ground of lack of consideration or ultra vires. A fortiori the debtors—the stockholders and directors who committed the acts—cannot assert the plea successfully. Branch v. Jesup, 106 U. S. 478, 1 S. Ct. 495, 27 L. Ed. 279; City Coal & Ice Co., Inc., v. Union Trust Co. of Maryland 140 Va. 605, 125 S. E. 697; News-Register Co. v. Rockingham Publishing Co., 118 Va. 151, 86 S. E. 874. But the charter expressly gives the corporation power to contract debt and mortgage its property to se-

48

cure the same. The stockholders and directors unanimously voted the resolution authorizing it. If the doctrine of estoppel has any application in this case, the appellant is the party against whom it applies.

The judgment of the District Court is affirmed.

Affirmed.