143 So. 821

## KENNEMER–WILLIS GROCERY CO. v. HACKER.

### 8 Div. 368.

Supreme Court of Alabama.
Oct. 6, 1932.

R. B. Patton, of Athens, for appellant.

Tennis Tidwell, of Decatur, for appellee.

416

**FOSTER, J.**

There is here no question about the general rule that a corporation, without charter power, express or implied, may not become an accommodation indorser, surety, or guarantor for another. That is conceded. But we are concerned with the inquiry as to when, without express charter power, there is such implied, and whether the facts show an accommodation indorsement (or suretyship) rather than a primary liability, when the controversy is with the payee and not between the debtors among themselves. It is well, here, we think, to refer to principles asserted by the courts and text-writers on that subject.

It is held, in effect, that, if, in legitimate furtherance of its charter purposes and reasonably necessary in the ordinary business of the corporation, it enters into a contract in such form, it is not ultra vires, but within implied charter powers. Cunningham Hdw. Co. v. Gama Trans. Co., 4 Ala. App. 561, 574, 58 So. 740; Steiner-Lobman v. Steiner L. & L. Co., 120 Ala. 128, 140, 26 So. 494; Thompson on Corporations, § 2292; 4 Cook on Corporations, notes on page 3538 et seq.; notes in 70 Am. St. Rep. 161 and 164; Allis-Chalmers M'f'g Co. v. Bank & Trust Co. (D. C.) 3 F.(2d) 316.

That "the relation of surety does not exist where the consideration moves directly to or from the person claiming the privilege of a surety." M. & O. R. Co. v. Nicholas, 98 Ala. 92, 126, 12 So. 723, 735; Wimberly v. Windham, 104 Ala. 409, 16 So. 23, 53 Am. Rep. 70; Bramlett v. Kyle, 168 Ala. 325, 328, 52 So. 926; Cunningham Hdw. Co. v. Gama Trans. Co., supra; 4 Cook on Corporations, note on p. 3538; Smith v. Tunno, 1 McCord, Eq. (S. C.) 443, 16 Am. Dec. 617, 620; 50 Corpus Juris 13 and 14; 21 R. C. L. 954, § 9.

That to the extent of that portion of the consideration advanced on the contract which is received by the corporation, it, even though a national bank, may be liable by implied authority, on its contract of guaranty, when it is necessary to make such contract in order to collect a debt created in ordinary course of business. Thompson on Corporations 1931 Supp., § 2301 (2226); Appleton v. Citizens'

Cent. Nat. Bank, 190 N. Y. 417, 83 N. E. 470, 3 L. R. A. (N. S.) 543; Page Trust Co. v. Wachovia B. & T. Co., 188 N. C. 766, 125 S. E. 536, 37 A. L. R. 1368; People's Nat. Bank v. So. States Finance Co., 192 N. C. 69, 133 S. E. 415, 48 A. L. R. 519; North Texas State Bank v. Crowly, etc. (Tex. Civ. App.) 145 S. W. 1027; 14A Corpus Juris 743; First Nat. Bank of Lemmon v. McMahon, 45 S. D. 77, 185 N. W. 1014; 7 Am. & Eng. Ency. of Law (2d Ed.) 793 (gg); 70 Am. St. Rep. 167; Allis-Chalmers M'f'g Co. v. Citizens' Bank & Trust Co. (D. C.) 3 F.(2d) 316; In re Prospect Leasing Co. (C. C. A.) 250 F. 707; French v. Long (C. C. A.) 42 F.(2d) 45; In re Steele Furniture Co. (C. C. A.) 18 F.(2d) 490; Marshall v. Knights of Maccabees (Mo. App.) 270 S. W. 418.

The case of Bacon, Dawson & Co. v. Farmers' Bank, 79 Mo. App. 406, has a statement to a contrary effect. But the cases cited in the opinion on that question do not sustain it.

In Gillespie v. Campbell (C. C.) 39 F. 724, 5 L. R. A. 698, and Youngs v. Ball, 9 Watts (Pa.) 139, the suit was between respective indorsers, and not by the maker against an indorser, in which he claimed protection as such. But it was held that, because the maker incidentally paid some of the proceeds of the loan upon a liability on which one of the indorsers was also liable (Gillespie v. Campbell, supra) or on a debt he owed one of the indorsers (Youngs v. Ball, supra), it did not affect the right of contribution between the indorsers.

On page 789 of 7 Am. & Eng. Ency. of Law (2d Ed.) also cited, it is said that "the mere fact that the suretyship or guaranty may or will result in gain or benefit to the corporation by increasing its business or otherwise, is not alone sufficient to authorize the same." But on pages 792, 793, it is said in the same text, "And perhaps, if a person is indebted to a corporation and a guaranty by it is necessary to procure the payment of the indebtedness, power to enter into a guaranty will be implied," and on page 790 of the same authority, "that the power will be implied whenever it is reasonably necessary, or is usual in the conduct of its business or reasonably necessary or proper in order to accomplish any particular power expressly conferred."

▮ Such statements are supported by all modern authorities which have come to our attention. We have cited many of them. While some of them reason it on the doctrine of estoppel, having received and retained the fruits of the contract, others hold that it is within the implied charter powers, and, further that it is not essentially a surety or guarantor under those circumstances in respect to its liability to the payee, though it may be so considered in respect to the so-called primary debtor, and with other guarantors. Such is the effect of our cases.

In our case of Wimberly v. Windham, supra, one purchased cotton on which was an outstanding lien to pay which the seller owed the duty to the purchaser. The purchaser executed a note with his seller to the lienor for his claim. Held, that, because the purchaser was interested in and benefited by the transaction, he was not a surety so far as the lienor was concerned, following M. & O. R. R. Co. v. Nicholas, supra. Such is also the principle of the case of Cunningham Mdw. Co. v. Gama Trans. Co., 4 Ala. App. 561, 58 So. 740.

We are not unmindful of the rule of our cases that a corporation is generally not estopped .to plead ultra vires to its executory contracts by the fact that the fruits of it have been received and are still enjoyed. Paterson v. Bank, 203 Ala. 536, 84 So. 721, 10 A. L. R. 1037; Wiley Fertilizer Co. v. Carroll, 202 Ala. 335, 80 So. 417; Chewacla Lime Works v. Dismukes, 87 Ala. 344, 6 So. 122, 5 L. R. A. 100; Sherwood v. Alvis, 83 Ala. 115, 3 So. 307, 3 Am. St. Rep. 695.

We do not predicate our holding upon the doctrine of estoppel, but upon the theory that on account of the situation, the corporation is not a surety as respects the payee of the note, but is such a principal debtor as is within its implied charter powers.

An extension of time therefore would not discharge him, though it may be conceded to have been made, and upon a valuable consideration. Moreover, such extension is expressly provided for by the terms of the note. It would not therefore release the surety though strictly occupying such relation. Gafford v. Tittle, 224 Ala. 605, 141 So. 653; Little v. People's Bank, 209 Ala. 620, 96 So. 763.

So that there was no error in giving plaintiff the affirmative charge, either on account of the claim of ultra vires or by reason of an extension of the debt.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.