J. M. GRAHAM AND B. F. HAMPTON, *Plaintiffs in Error,*
v. CHARLES H. GILL, *Defendant in Error.*

WHERE A TRIAL HAS RESULTED IN THE ONLY WAY IT COULD PROP-
ERLY HAVE DONE TECHNICAL ERRORS WILL NOT BE CONSIDERED.

When from the overwhelming properly admitted proofs in a cause
the trial thereof has resulted in the only way that it could
properly have done, alleged technical errors in instructions given
or refused will not be considered by an appellate court, where
such errors, if any, could not properly have impelled a reversal.

This case was decided by Division B.

Writ of Error to the Circuit Court for Lee County.

The facts in the case are stated in the opinion of the court.

*H. S. Hampton,* for plaintiffs in error;

*S. F. J. Trabue* and *J. W. Burton,* for defendant in error.

TAYLOR, J.—This is the second appearance of this case in this court.' See Gill v. Graham and Hampton, 54.

Fla. 259, 45 South. Rep. 845. The defendant below brought the case here as plaintiff in error on the former appeal, and the judgment below was reversed and the cause remanded. Upon the second trial the verdict and judgment were for the defendant, and now the plaintiffs below bring it here for review by writ of error. There are fifteen assignments of error now presented to the court chiefly upon the admission of evidence at the trial. All of this evidence, without a detailed discussion of it, we think was properly admitted in identification of the island where the defendant Gill actually resided and of which he claimed possession, and was all of it admitted in conformity with the former decision in the case. We do not think that any of it tends to contradict or vary the official government surveys and plats of the territory involved, but on the contrary its tendency is to verify and uphold such surveys and plats, and the evidence in the case overwhelmingly shows that the verdict and judgment in favor of the defendant below was proper. In the former decision of the case we said in substance that the sole controversy between the parties was as to the physical identification of the land upon which the defendant Gill in fact had his possessions,—whether he was in possession of an island in Section 17 lying south of a well defined landmark called "Point Blanco," and due east from the lots numbered 6 and 9 in Section 18 on an island called Cayo Costa,—or whether he was in possession of the island in Section 8 represented on the official government's maps as situated northeast of said "Point Blanco" which was the land claimed by the plaintiffs and sued for in the suit; and that if it be shown in proof that the defendant Gill does in fact reside upon and has his improvements upon the island that lies due south from the outward extremity of "Point Blanco" and due east from lots 6 and 9 of Section 18 on the large island called "Cayo

Costa," then it would be conclusive that he was not in possession of the land sued for in Section 8, and he should recover.    And we held that all of these facts might be proved by witnesses testifying from personal observation in conjunction with the points of the compass, and that such evidence, irrespective of the official field-notes of the government survey, would be legitimate and proper, and would in no wise tend to impeach or vary the government survey or plat, but would tend to verify its accuracy.    All of the evidence admitted at the last trial and forming the bases of these assignments of error tend towards establishing the above facts and does overwhelmingly establish the fact that the land upon which the defendant Gill has his possessions does lie south from Point Blanco and due east of and not more than a half mile from Section 18 on "Cayo Costa," and that therefore it must necessarily be in Section 17, and cannot be in Section 8 which lies over a mile farther north, the latter being the land claimed by the plaintiffs and sued for. The refusal to give certain instructions requested by the plaintiffs, and the giving of other instructions are also assigned as error.    Under the proofs in the case the trial could not properly have resulted in any other way than it did result, regardless of instructions or their propriety or impropriety, therefore it becomes unnecessary to consider these assignments predicated thereon.

The judgment of the court below in said cause is hereby affirmed at the cost of the plaintiffs in error.

HOCKER AND PARKHILL, J. J., concur;

SHACKLEFORD, C. J., AND COCKRELL AND WHITFIELD, J. J., concur in the opinion.