NOAH C. COATNEY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. In a prosecution for homicide evidence of declarations made by the deceased before his death as to facts that actually caused his subsequent death or as to circumstances that actually resulted in his subsequent death, is admissible either for or against the deceased, upon proper predicate being laid, where such declarations were made at a time when the deceased was *in extremis* and really believed he could not recover, and where the deceased would have been competent to testify as to such facts or circumstances had he lived.

2. A new trial should not be granted for errors of procedure that are not fundamental, where it appears to the court that substantial injury or injustice could not reasonably have resulted from such errors to the party complaining of them.

3. A predicate laid for the introduction of evidence of a dying

declaration made on one day cannot be used as a basis for the admission of evidence of another dying declaration made the next day.

This case was decided by Division A.

Writ of error to the Circuit Court for Holmes County.

The facts in the case are stated in the opinion of the court.

*H. L. Grace* and *J. H. Buttram,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

WHITFIELD, C. J.—On writ of error it is contended that the judgment of conviction of murder in the second degree should be reversed because the court ruled that evidence of a dying declaration was not admissible on behalf of the accused, and because the court excluded evidence of a dying declaration made on one day upon a predicate laid as to a dying declaration made on the previous day.

In a prosecution for homicide evidence of declarations made by the deceased before his death as to facts that actually caused his subsequent death or as to circumstances that actually resulted in his subsequent death, is admissible either for or against the deceased, upon proper predicate being laid, where such declarations were made at a time when the deceased was *in extremis* and really believed he could not recover, and where the deceased would have been competent to testify as to such facts or circumstances had he lived. The declaration of the deceased need not have been made in the presence of the accused, and the making of it under circumstances stated may be testified to by any competent witness, such evidence being admissible on the ground of necessity, and the sense of

impending death making a false declaration by the de-
ceased improbable.   Whether a proper predicate has been
laid for the introduction of evidence of a dying declara-
tion is to be determined primarily by the court, and when
the evidence is admitted its weight and credibility are for
the jury to determine. If a proper predicate is laid for the
introduction of evidence as to a dying declaration and the
court erroneously excluded the evidence, a judgment of
conviction may be reversed therefor upon proper excep-
tions and appellate proceedings unless the error was
cured or was harmless. Gardner v. State, 55 Fla. 25, 45
South. Rep. 1028; Mattox v. United States, 146 U. S. 140,
13 Sup. Ct. Rep. 50; 1 Elliott on Ev., paragraph 332-359;
Guest v. State,     Miss. 52 South. Rep. 211; State v.
Ashworth, 50 La. Ann. 94, 23 South. Rep. 270.   A new
trial should not be granted for errors of procedure that
are not fundamental, where it appears to the court that
substantial injury or injustice could not reasonably have
resulted from such errors to the party complaining of
them.   Hopkins v. State 52 Fla. 39, 42 South. Rep. 52;
Graham v. Gill, 56 Fla. 316, 47 South. Rep. 917; Goff v.
State, 60 Fla. 13, text 17, 53 South. Rep. 327, text 329;
Sallas v. State, decided this term.

While the exclusion of evidence of the dying declaration
on the ground that it was not admissible in favor of the
accused was erroneous, the court subsequently admitted
the evidence and this rendered the first ruling harmless to
the accused, and the judgment will not be reversed there-
for.

The court excluded evidence of a declaration made by
the deceased on Sunday before he died, no predicate being
laid therefor except the predicate laid for evidence of a
declaration made the day before that had been admitted.
It was not clearly shown that the deceased was sensible of
his impending death and had no hope of recovery all the

while from the time the declaration was made that was admitted to the time the other declaration was made the next day, or until his death therefore no predicate was laid for admitting evidence of the second declaration, and under the circumstances it cannot be presumed that the deceased had no hope of recovery on the day after the injury or that his sense of impending death on Saturday continued till the next day when another declaration was made.   Besides the second declaration may have been merely cumulative and fully covered by the one admitted in evidence. No other questions are argued.

The judgment is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL J. J. concur in the opinion.