W. S. WEST *et al.*, *Plaintiff in Error,* v. BROWN N. MAYO, *Defendant in Error.*

In an action for the conversion of logs alleged to have been unlawfully cut from land which had been in possession of the plaintiff for twenty years under a patent from the United States Government, the court commits no reversible error in striking from the evidence, a deed of the land made seventeen years before the trial by the plaintiff to a third party in trust, when the defendants do not claim under such deed,

no trust purposes are expressed therein and such third person has never been in possession of the land or ever in any way claimed or exercised ownership over it.

Writ of error to the Circuit Court for Citrus County.

The facts in the case are stated in the opinion of the court.

*Davis & Martin,* for Plaintiffs in Error;

*Davant & Davant* and *Geo. W. Scofield,* for Defendant in Error.

HOCKER, J.—Mayo, the defendant in error, brought an action at law against W. S. West, J. P. Coffee, and H. A. Reaves as parties doing business as West, Coffee & Company, in the Circuit Court of Citrus County, the declaration containing two counts. The first count alleged the conversion by the defendants of 738 pine logs. The second count alleged a trespass upon the same lands described in the first count, and the cutting therefrom of a large quantity of pine timber. Damages to the amount of $1,500.00 are stated. Not guilty, and several other equivalent pleas were interposed. On the trial the jury found a verdict for $295.20 with interest, making a total of $374.00. Judgment was entered for this amount and costs. The plaintiff introduced in evidence a patent from the United States Government to himself, dated the 5th of August, 1890, embracing the lands described in the declaration. He introduced evidence tending to show that he had been in possession of the lands from the date of the patent up to the time of trial. There was evidence tending to prove the number of logs removed from the land by the defendants as being the number

stated in the declaration, and that their value was from 25 cents to 50 cents each. The jury evidently placed the value at 40 cents each.

The defendant was permitted by the court to introduce in evidence a deed executed by Brown N. Mayo and wife to F. C. Thomas, Trustee, conveying the lands in question, dated the 15th of March 1893. No trust purposes are stated in the deed, and it does not appear that F. C. Thomas ever was in possession of the land; nor that he ever conveyed it to anyone, or in any way claimed it. The defendants did not in any way connect themselves with Thomas' title. They introduced a number of conveyances embracing the land, possibly to show that they were not wilful or malicious trespassers, as none of them deraign title from Mayo or Thomas.

The first assignment of error argued is based on the action of the court in striking from the evidence the deed from Mayo to Thomas. We do not perceive any reversible error in this matter. It does not appear that Mayo had ever been out of possession of the property, or that Thomas ever was in possession of it, or ever in any way claimed it. Seventeen years had elapsed when the trial took place since this deed was executed. Mayo's possession under these circumstances gave him the right to sue. Knight v. Empire Land Co., 55 Fla. 301, 45 South. Rep. 1025. This, the plaintiffs in error, admit in their brief to be the vital point in their case. A defendant in trover cannot set up title to the property in a third person unless he connects himself in some manner with that title. Skinner v. Pinney, 19 Fla. 42.

An assignment of error attacks one of the judge's charges as assuming that the plaintiff owned the land in question. We need not investigate this question. We

think that the charges and instructions taken as a whole, in connection with the undisputed evidence, were not misleading and produced no injury to the defendants. Quitman Naval Stores Co. v. Conway, decided at this term; Graham v. Gill, 56 Fla. 316, 47 South Rep. 917; Hopkins v. State, 52 Fla. 39, 42 South. Rep. 52; Upchurch v. Mizell, 50 Fla. 456, 40 South. Rep. 29.

The judgment below is affirmed.

WHITFIELD, C. J., AND TAYLOR, SHACKLEFORD AND COCKRELL, J. J., concur.