HARVEY S. WITHERSPOON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed November 13, 1918.

1. A new trial should not be granted for errors of procedure that are not fundamental, where it appears to the Court that substantial injury or injustice could not reasonably have resulted from such errors to the party complaining of them.

2 Where the Court gives full charges for acquittal unless the defendants guilt appears from the evidence to the exclusion of and beyond a reasonable doubt and also charges that if any material allegation of the indictment is not proven to the exclusion of and beyond a reasonable doubt, the defendant must be acquitted, it is not error to refuse a charge that a reasonable doubt is that state of mind when the jurors cannot feel an abiding faith amounting to a moral. certainty from the evidence of the defendant's guilt as alleged.

3. Where the evidence is legally sufficient to sustain the verdict and it does not appear that the Jury were not governed by the evidence in reaching the verdict, and no material errors of law or procedure appearing, the judgment upon the verdict will be affirmed.

Writ of Error to Criminal Court of Record for Dade County; James T. Sanders, Judge.

Judgment affirmed.

*G. C. McClure,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *W. W. Trammell,* Assistant, for the State.

WHITFIELD, J.—On an information charging murder in the second degree, Witherspoon was convicted of that offense and took writ of error. It is argued here that the court erred in giving one charge and in refusing a requested charge, and that the verdict is contrary to the evidence.

A new trial should not be granted for errors of procedure that are not fundamental, where it appears to the court that substantial injury or injustice could not reasonably have resulted from such errors to the party complaining of them. Coatney v. State, 61 Fla. 19, 55 South. Rep. 285.

At the request of the defendant the court charged the jury that to convict the defendant on circumstantial evidence, "you must be satisfied beyond a reasonable doubt that each material fact or necessary link in the chain has been proven, and if you have any reasonable doubt about any one of the material facts or links constituting the chain of circumstances then you should acquit the defendant," and that the evidence "must be so strong and cogent as to exclude every other reasonable hypothesis except that of the guilt of the accused."

The court of its own motion charged the jury that "The defendant in every criminal case is presumed to be innocent until the State has, by competent testimony, shown his guilt to the exclusion of and beyond a reasonable doubt, and before this presumption of innocence leaves the defendant, every material allegation in the in-

dictment through each stage of the trial must be established by the evidence to your satisfaction beyond every reasonable doubt; and this presumption of innocence follows the defendant until it has been met and overcome by the testimony to the exclusion of and beyond a reasonable doubt. And if any of the material allegations is not proved to the exclusion of and beyond a reasonable doubt, you must give him the benefit of such doubt and either acquit him or reduce the grade of homicide, as the facts as you find them from the evidence may require," and also that "every homicide is not unlawful, but there are certain classes of homicide that are lawful, and are known in the law as 'justifiable' and 'excusable.' It is, therefore, the duty of the State, before the jury can convict, to show by the evidence that the homicide is unlawful, and this fact must appear from the evidence to the exclusion of and beyond a reasonable doubt. Under the indictment in this case the defendant may, if the evidence warrants it, be convicted either of murder in the second degree, or manslaughter, or be acquitted."

The court also gave the statutory definition of "justifiable" and "excusable" homicide, murder in the second degree and manslaughter. No definition of a reasonable doubt was given, and the court refused the following requested instruction:

"5. The court instructs you that a reasonable doubt is that state of mind which, after a full consideration and comparison of all the evidence, both for the State and the defense, leaves the minds of the jurors in that condition that they cannot feel an abiding faith amounting to a moral certainty from the evidence in the case that the defendant, Harvey S. Witherspoon, is guilty of the charge laid in the information. If you have such a doubt, if your conviction of the defendant's guilt, as alleged

in the information, does not amount to a moral certainty from the evidence in this case, then the court instructs you that you must acquit the defendant." Appropriate exceptions were noted.

It is contended that the refusal to give the last quoted instruction is reversible error under the decision in Davis v. State, 46 Fla. 137, 35 South. Rep. 76, and cases cited therein. The rule stated in the Davis case should not be followed in this case in view of the later decisions of this court and the enactment of Chapter 6223, Acts of 1911, which decisions and enactment are in effect that harmless errors of procedure shall not cause a reversal of a judgment, where it seems clear from the entire record that the refusal to give the requested charge could not reasonably have injured the defendant in view of the evidence of his guilt, even if the limitation of the instruction as framed to "the charge laid in the information" and to the defendant's guilt "as alleged in the information" did not render the request objectionable. The information charging murder in the second degree also charges the lesser crimes covered by the higher crime "as alleged in the information." The trial judge may have regarded the limitation in the requested charge as being calculated to mislead the jury. At any rate, it seems clear that the repeated language used in the quoted charge given by the court of its own motion as to the presumption of defendant's innocence and requiring every material allegation in the indictment to be established by the evidence to the exclusion of and beyond every reasonable doubt, has the same meaning as that the jury must from the evidence feel an abiding faith amounting to a moral certainty of the defendant's guilt; and there was no reversible error in refusing the requested instruction, even if its contents state a correct rule

of law to be applied in this case. Woodruff v. State, 31 Fla. 320, 12 South. Rep. 653. The trial court did not charge the jury that a reasonable doubt is "a sensible doubt, and not a mere possible doubt," as was done in the Woodruff case *supra;* but the charges given in this case were a sufficient justification for the refusal of the requested charge in view of its language and in view of the evidence adduced.

The charge given was not misleading and did not in effect state "that all the material allegations of the information must not be proven," as contended.

The evidence is legally sufficient to sustain the verdict, and there is nothing in the record to indicate that the jury were not governed by the evidence in reaching the verdict. No other questions are presented.

The judgment is affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.