JOHNSON, Chief Judge.
Appellant seeks reversal of his conviction in a jury trial on charges of delivery of an hallucinogenic drug for which he was sentenced to serve two years imprisonment.
The primary point on appeal is appellant’s contention that the State did not sufficiently prove by competent evidence that the hallucinogenic drug, dimethoxy-methylamphetamine, commonly known as STP, was illegal under Florida law.
Appellant was charged by information of unlawfully delivering an hallucinogenic drug in violation of § 404.02(1), F.S.A., which makes it unlawful to deliver any drug controlled by Chapter 404 of the Florida States., F.S.A. Section 404.01(3) defines “hallucinogenic drug” as meaning certain enumerated drugs,
“including their salts and derivatives, or any compounds, mixture and every substance neither chemically nor physically distinguishable from them, and any and all derivatives of same and any other drug to which the drug abuse laws of the United States apply * *
During the presentation of the State’s case, a detective testified that a pill purchased from the appellant was turned over to a chemist who was employed with the Division of Health in Jacksonville. It was established that said chemist was an expert in the field of drug analysis. He testified that he analyzed the pill and that it was the drug commonly known as STP. The State then asked this chemist if STP is one of the drugs which is illegal according to the laws of the United States. Appellant’s counsel objected on the grounds that the chemist’s testimony was hearsay and *755 not the best evidence. The objection was overruled and the chemist stated that the drug STP was listed in the United States Register of Illegal Drugs, and the volume number and page number were given. The State then rested its case.
One of the grounds of appellant’s motion for judgment of acquittal, which was denied, was that the State did not adequately demonstrate that the drug STP is actually an illegal drug. The State then reopened its case, whereupon the Court was asked to take judicial notice of certain sections of the United States Code Annotated.
 We are of the opinion that reversible error was not committed in the proceedings below. It is well established that a new trial should not be granted for errors of procedure that are not fundamental, where it appears to the court that substantial injury or injustice could not reasonably have resulted from such error to the party complaining of them. Witherspoon v. State, 76 Fla. 445, 80 So. 61 (1918). We think the States sufficiently brought the drug STP into the Florida Statute making it unlawful to deliver certain drugs by making specific reference to the contents of the judicially noticeable federal publication which makes STP an illegal drug. It is provided in 44 U.S.C.A. § 1507 that the contents of the Federal Register are to be judicially noticed, and § 92.031, Fla.Stats., F.S.A., permits our courts to take judicial notice of the statutes of other jurisdictions.
Even if it could be said that error was committed below, it is not such error as calls for a reversal or retrial. A retrial would not result in a different judgment, as the State would simply produce the Federal Register in court. The following passage from the Court’s opinion in Howard v. State, 239 So.2d 83 (Fla.App. 1st, 1970) is applicable:
“If we were to accept appellant’s contention that the court’s ruling on his objection to the witness’s testifying constituí-ed reversible error, the defect complained of could be readily cured on retrial resulting in the needless expenditure of public funds which could better be used to ferrett out those who encourage and thereby border upon becoming accessories to dealing in and using hallucinogenic drugs.’’
We have examined appellant’s other contentions of error and find them to be without merit.
For the reasons hereinabove stated, we affirm the judgment of conviction below.
Affirmed.
WIGGINTON and RAWLS, JJ., concur.