272 So.2d 473 (1972)
Leroy FREIMUTH, Petitioner,
v.
STATE of Florida, Respondent.
No. 41399.
Supreme Court of Florida.
December 20, 1972.
*474 Robert P. Miller, Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen. and Joe Demember, Asst. Atty. Gen., for respondent.
ERVIN, Justice.
This is a certiorari review of Freimuth v. State, Fla.App. 1971, 249 So.2d 754.
Petitioner was charged by information on September 5, 1969 with unlawfully delivering a hallucinogenic drug[1] commonly known as STP contrary to F.S. Section 404.02(1), F.S.A.[2] At trial, the chemist who identified the drug stated that it was listed in the United States Registry of Drugs by the Secretary of Health, Education and Welfare and that it was made illegal by the federal government on October 3, 1968. The defense objected on the ground that this testimony would be hearsay and not the best evidence.
The State then rested, and the defense moved for a judgment of acquittal, using as one of its grounds the fact that the prosecution had failed to prove STP was an illegal drug in Florida. Following the argument on this motion, and over the defense's objection, the State was permitted to reopen its case and read into the record certain sections of the U.S.Code Annotated relating to drugs. No attempt was made by the State's testifying chemist to give evidence that the STP drug delivered by Petitioner was a hallucinogenic drug directly defined as such in Section 404.01(3) but merely that it fell in the class of "any other drug to which the drug abuse laws of the United States apply ..." The defense renewed its motion for judgment of acquittal. It was denied. The jury returned a verdict of guilty as charged.
On appeal to the District Court of Appeal, First District, Petitioner contended the chemist's testimony was hearsay and not the best evidence and the State did not sufficiently prove STP was illegal under Florida law. The District Court held that reversible error had not been committed. The court said that even if error had been committed, it was "not such error as calls for a reversal or retrial. A retrial would not result in a different judgment, as the State would simply produce the Federal Register [US Registry of Drugs] in court."
In his petition for rehearing in the District Court, Petitioner contended the State could not prove STP was illegal in Florida merely by producing the Federal Register. He argued that F.S. Section 404.01(3), F.S.A., which defines "hallucinogenic drugs" and includes "any other drug to which the drug abuse laws of the United States apply," was adopted by the 1967 Legislature. The federal act declaring STP a hallucinogenic drug was not adopted by Congress until 1968. Petitioner argued that Section 404.01(3) incorporated only those drugs considered illegal under the 1967 drug abuse laws of the United States. The petition for rehearing was denied.
Petitioner contends the District Court's decision conflicts with two decisions of this Court: Mobley v. State, Fla. 1962, 143 So. 821, and Florida Industrial Commission v. State, 1945, 155 Fla. 772, 21 So.2d 599.
The defendant in Mobley v. State was charged by information with having an alligator's carcass in his possession "contrary *475 to the form of the statute in such cases made and provided and against the peace and dignity of the State of Florida." He was tried, however, for violating a rule of the Game and Fresh Water Fish Commission. The defense moved for a directed verdict on the ground the State had not offered in evidence the rule which allegedly was violated. An authenticated copy of the rule was not offered in evidence and its text was not included in he record. The trial judge, however, did take judicial notice of it and he had a copy of the rule in his possession. This Court said that defendants must "be apprised, under the rules of procedure, of the regulation of which violation is alleged." The court held that when a trial judge takes judicial notice of a rule or regulation, it must be read into the record. In the case at bar, the State asked the court to take judicial notice of certain portions of the U.S.Code Annotated. The prosecution then read into the record that portion of the Code which makes possession of certain hallucinogenic drugs illegal. The trial record does not, however, contain that portion of the Federal Register which lists STP as a hallucinogenic drug. But the record contains the statement by the testifying chemist that STP was made illegal by the U.S. government on October 3, 1968, according to the United States Registry of Drugs, Volume 33, number 193, part 2. The first time the pertinent section of the Registry was actually placed in the record was on appeal to the District Court of Appeal when the State attached the section to its brief and asked the District Court to take judicial notice of its publication.
We believe a trial court can take judicial notice of the Federal Register, which lists illegal hallucinogenic drugs. Our study of the subject here convinces us the rule in Mobley and earlier cases that judicial notice of an official administrative rule or regulation of a state or federal agency duly adopted pursuant to law is not complete without introduction of an authenticated copy of the particular rule noticed into the trial record of a case, should be receded from. We think that the better view is expressed in Byrne Realty Co. v. South Florida Farms Co., 1921, 81 Fla. 805, 89 So. 318, text 327, that courts may take judicial notice of official records of administrative agencies without more. See 29 Am.Jur.2d Evidence §§ 39 and 42. "Proof is never required of a fact of which the court is bound to take judicial notice and the courts refuse to hear evidence concerning matters of which they take judicial notice. Consistently it has been very generally held or stated that evidence may not be introduced to contradict or rebut a matter judicially noticed. The rule proceeds upon the obvious premise that to admit such contradictory evidence would create the anomaly of an indisputable fact being disputed." 29 Am.Jur.2d Evidence § 20, p. 58. We believe the trial court here could have taken judicial notice of the listing of STP as an illegal drug on the Federal Register, if such was the case, and so advised the jury without the necessity of there being introduced as proof an authenticated copy.[3] We think the District Court had the authority to take judicial notice of this Federal Register listing of STP as an illegal drug. Of course, if there is doubt as to the verifiable certainty of a fact (in this case the Federal Register listing of STP), the trial court may require evidence to be taken thereon rather than taking judicial notice, or it may cause the parties litigant to be notified as to the uncertainty of a fact and afford them an opportunity of consulting authoritative sources with the further right to be heard before the trial court decides whether judicial *476 notice should be taken. 29 Am.Jur.2d, §§ 24 and 25.
Petitioner's claim of conflict with Florida Industrial Commission v. State, supra, presents a more serious problem. There, this Court said that the Legislature may adopt provisions of federal statutes and administrative rules made by a federal administrative body,
"that are in existence and in effect at the time the legislature acts, but it would be an unconstitutional delegation of legislative power for the legislature to adopt in advance any federal act or the ruling of any federal administrative body that Congress or such administrative body might see fit to adopt in the future." (Text 21 So.2d 602.)
We believe this rule of law just quoted should be recognized insofar as Federal bodies are concerned as well as laws and rules of other states while it would not be true of rules adopted by state agencies pursuant to prior authority duly delegated to them by Florida law.
F.S. Section 404.01(3), F.S.A., was enacted as part of Chapter 67-136 in 1967. According to the record in this case, STP was not registered by the Secretary as an illegal drug in the Federal Register therefor until October 3, 1968, if then. The reason we take the liberty of making the statement in the preceding sentence is we find it substantiated from the appellate record, primarily because Petitioner's petition for rehearing in the District Court reflects that the District Court permitted the state to introduce before it the Federal Register of Drugs for the purpose of judicial notice which indicates that if STP was listed it was done so as of October 3, 1968. This was more than a year after the enactment of Chapter 67-136. The District Court obliquely acknowledges it appellately took notice of the Federal Register by indicating that a retrial would not produce a different judgment because the "State would simply produce the Federal Register in court." Petitioner's petition for rehearing in the District Court record very definitely brings out the District Court took notice of the Register.
It will be noted the statute Section 404.01(3) first defines hallucinogenic drugs by definite description and reference and then adds, "and any other drug to which the drug abuse laws of the United States apply ..." The doctrine of ejusdem generis does not appear to apply so as to bring the language just quoted into the category of hallucinogenic drugs first described in the statute. The chemist did not testify the pills Petitioner was charged with delivering were hallucinogenic drugs but rested his testimony solely on his statement they were the STP type listed in the Federal Register. But as we have seen, even if they were listed on the Register they were listed more than a year after the enactment of Section 404.01(3).
We find we should quash the District Court's decision under authority of Florida Industrial Commission v. State, supra.
It is so ordered.
ROBERTS, C.J., and CARLTON, ADKINS and McCAIN, JJ., concur.
BOYD, J., concurs in judgment and agrees with DREW, J. (Retired).
DREW, J., concurs in part and dissents in part with opinion.
DREW, Justice, Retired (concurring in part, dissenting in part).
I concur in the judgment quashing the decision of the District Court of Appeal solely because the listing of the drug STP in the federal Register occurred subsequent to the enactment by the Florida Legislature of Chapter 67-136 in 1967. The Legislature may lawfully adopt provisions of other laws or regulations which are in existence (and are therefore presumably incorporated *477 in the legislative act) at the time of the enactment. But the courts have uniformly and without deviation held that any attempt by the Legislature or other law making branch of any segment of the government to incorporate into a law future regulations of administrative bodies or laws of other jurisdictions is an unconstitutional delegation of a power it alone possesses. The recognition of this basic concept of constitutional law compels us to quash the decision below and renders unnecessary the inclusion in the opinion of the discussion of judicial notice  and particularly the overruling of the prior decision of this Court (in 1962) of Mobley v. State, 143 So.2d 821.
The holding in Mobley, I think, is not only a correct one, but in this age, essential to the orderly administration of justice. The federal Registry, for instance, in the year 1971, consisted of more than 25,000 pages of fine print the size of the Congressional Record. It comes out five days each week  averaging more than 100 pages each copy. In Florida there are literally hundreds of regulations of the various boards, bureaus and heads of departments. It would be an intolerable burden, on both the Bench and Bar, to place such regulations in the category of laws duly enacted by the Legislature so far as judicial notice is concerned. And, as I read the majority opinion in this respect, that is exactly the result. Such rule would result in constant confusion, surprise and injustice in the trial of causes.
Mobley holds only,
"We think it essential to the orderly dispensation of justice that a defendant be apprised, under the rules of procedure, of the regulation of which violation is alleged. The requirement imposes no hardship upon the prosecution and affords to the defendant a reasonable safeguard of his liberties. It is our view that in those instances in which the court should by reason of statute or otherwise take judicial notice of a rule, regulation or order of an administrative agency of the State, the federal government or politicial subdivision thereof, or an ordinance of a municipality, that the pertinent text of such rule, regulation, order or ordinance should be made to appear as a part of the record in the trial court."
What hardship does this impose on any party? Laws or regulations which affect a party or the outcome of an action are as important as the facts. Many times more so. Isn't it fair and just that issues be made up of both so that each of the parties may be advised of the contentions of the other?
To avoid confusion and surprise, so far as judicial notice of common law and statutes of every other state, territory and other jurisdiction of the United States is concerned, the Legislature more than twenty years ago enacted what is now Section 92.031, Florida Statutes, F.S.A. Mobley follows the rationale and purpose of this Act as to "judicial notice of a rule, regulation or order of an administrative agency of the State, the federal government or political subdivision thereof, or an ordinance of a municipality[1]" (emphasis added). Both the statute and Mobley are obviously designed to require procedural due process in the trial of causes insofar as judicial notice of such laws and regulations are concerned.
Because I fear that overruling Mobley will be a long step backward in the administration of justice in the courts of this State  and will result in confusion and endless surprise in the trial of cases, I am compelled to dissent from that part of the opinion and to record my views here.
BOYD, J., concurs.
NOTES
[1] § 404.01(3), F.S., defines "hallucinogenic drugs" as "`lysergic acid' and `lysergic acid amide,' `LSD,' ... `DMT,' ... `peyote,' `mescaline,' `psilocyn,' `psilocybin,' including their salts and derivatives, or any compounds, mixtures and every substance neither chemically nor physically distinguishable from them, and any and all derivatives of same and any other drugs to which the drug abuse laws of the United States apply ..." (e.s.)
[2] "§ 404.02 Prohibited acts.  The following shall be unlawful: (1) The delivering or causing to be delivered of any barbiturate or central nervous system stimulant or other drug controlled by this chapter, except ..."
[3] The absurdity of requiring the introduction of even a municipal ordinance in lieu of a trial court taking judicial notice thereof is lucidly explained by Mann, J., in State v. Holmes, DCA 2d, 256 So.2d 32. See also Justice Adkins' opinion in Holmes v. State, Fla., 273 So.2d 753, field December 20, 1972.
[1] The authorities uniformly hold that courts of general jurisdiction, civil or criminal, will not take judicial notice of by-laws and ordinances of municipal corporations. 29 Am.Jur. Evidence ¶ 37. This has always been the law of Florida.