BOYD, Justice.
This cause is before us on appeal from the Felony Court of Record, Volusia County. The trial court, in its order,[1] entered upon appellant’s motion to dismiss, passed upon the validity of Sections 404.01(12) *818 and 404.02(4), Florida Statutes, 1971, F.S. A., the Florida Drug Abuse Law, giving this Court jurisdiction of the direct appeal under Section 3 of Article V of the Florida Constitution, F.S.A.
The principal question posed herein is whether said sections are unconstitutionally vague and uncertain to the point of being violative of due process. The appellant duly sought to have the State’s information, predicated on said sections, dismissed on the ground they were unconstitutionally vague and uncertain. When he was denied a dismissal by the trial court, the appellant negotiated and entered a plea of guilty to the information, but made it expressly subject to the correctness of the ruling of the trial judge on the question of the constitutionality of said sections. Consequently, we have appellate jurisdiction to review the case.
We find that Sections 404.01(12) and 404.02(4), are not unconstitutionally vague and uncertain.
On July 1, 1971, Chapter 71-107, Laws of Florida, became effective. Chapter 71-107 removed cannabis controls from Chapter 398, Florida Statutes, F.S.A., and placed cannabis under the control of Chapter 404, Florida Statutes, F.S.A. The title to Chapter 71-107 provides:
“An Act relating to drug abuse; amending chapter 404, Florida Statutes, by including cannabis among substances controlled by the Florida drug abuse law; providing that the crime of possession or delivery without consideration of cannabis, on the first offense, shall constitute a misdemeanor; providing for arrest upon probable cause for such crime; amending subsection (5) of section 398.-10, Florida Statutes, to delete reference to cannabis therein; repealing subsection (12) of section 398.02, Florida Statutes; amending Section 398.02(13) (a), Florida Statutes, to delete reference to cannabis therein; providing an effective date.”
Section 1 of Chapter 71-107 amended Section 404.01, Florida Statutes, F.S.A., by adding a new subsection (12) to provide the following definition of “cannabis”:
“(12) The word ‘cannabis’ means all parts of the plant cannabis sativa, L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt derivative, mixture, or preparation of such plant, its seeds, or resin; but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant, which is incapable of germination.”
Section 2A of Chapter 71-107 amended subsection (1) of Section 404.15, Florida Statutes, F.S.A., to provide for specificity in penalizing first offense possession or delivery without consideration of not more than five (5) grams of cannabis:
“Section 2A. Subsection (1) of section 404.15, Florida Statutes, is amended to read:
“404.15 Penalties. — Any person who violates any of the provisions of this chapter shall be punished as follows:
“(1) For a first conviction he shall he guilty of a felony of the third degree, punishable as provided in sections 775-082, 775.083, and 775.084; fey imprison-BMrt in the state penitentiany -fee net ■more than 2 years en fey a fine e# net mere than $4t090; on feoth-t provided that if the first offense is the possession or delivery without consideration of not more than five (5) grams of cannabis, he shall be guilty of a misdemeanor of the first degree, punishable as provided in sections 775.082 and 775.083, provided, further, that for the purposes of this *819 subsection, the word cannabis shall not include the resin extracted from the plant cannabis sativa, L., or any compound, manufacture, salt, derivative, mixture, or preparation of such resin."
Section 3 of Chapter 71-107 added the following subsection to Chapter 404, Florida Statutes, F.S.A.:
“404.021 Arrest without warrant. — -Notwithstanding any provision of the laws of this state relating to arrest to the contrary, a law enforcement officer may arrest without warrant, any person whom he has probable cause to believe is violating the provisions of this chapter relating to possession of cannabis.”
Subsections 404.02(1) and (4), Florida Statutes, F.S.A., provide:
“404.02 Prohibited acts. — The following shall be unlawful:
“(1) The delivering or causing to be delivered of any barbiturate or central nervous system stimulate, hallucinogenic drug, or other drug controlled by this chapter, except as provided in section 404.04, unless:
ijc :j< if: % ‡
“(4) The actual or constructive possession or control of a barbiturate or a central nervous system stimulant or other drug controlled by this law by any person unless such person obtained such drug or other drug controlled by this practitioner or unless such person obtained such drug by direct delivery from a practitioner for bona fide medical use, and except as provided in section 404.04, Florida Statutes.”
With the foregoing in mind, two questions of material inquiry occur in light of appellant’s challenge to Chapter 404, Florida Statutes, F.S.A.:
1. Did the Legislature intend to prohibit the delivery and possession of cannabis by Sections 404.02(1) and 404.-02(4), Florida Statutes, F.S.A., supra?
2. If the answer to the first question is in the affirmative, then is the phrase “ * * * or other drug controlled by this chapter * * * ” of sufficient legal clarity to avoid a constitutional onslaught for vagueness ?
The answer to Question 1 must be in the affirmative. To arrive at any other conclusion would be to hold that the Legislature abolished Chapter 398’s controls over cannabis and left no control at all. The best evidence that the Legislature did not intend such a death knell for cannabis proscriptions is the following “whereas” language appearing in Chapter 72-97, Laws of Florida:
“Whereas, there has been called to the attention of the legislature that some confusion has arisen as to the scope of chapter 404, Florida Statutes; and
“Whereas, said chapter has been interpreted by one lower court of record to .exclude the drug cannabis but by other courts as to include same; and
“Whereas, this legislature, while having no doubt as to its original intent to include said drug, yet wishing to clarify the matter so as to preclude any possible misunderstanding; and
“Whereas, this legislation is intended solely by way of clarification and explanation, Now, Therefore,”
Chapter 72-97 goes on to include the definition of “cannabis” as defined by Section 404.01(12) within the definition of the words “hallucinogenic drug” as defined by Section 404.01(3). Of course, the clarification of Chapter 72-97 cannot be applied retroactively, but it is further, though not indispensable, persuasive evidence in support of the proper construction of the earlier statute.
*820 An affirmative answer to the first question leads unerringly to State v. Hayles,[2] in which this Court found the phrase “or other drug controlled by this chapter”:
. . . [0]f such determinative meaning and reasonably specific and sufficient precision as to clearly advise a citizen of the conduct which is proscribed; thus the statute is not unconstitutionally vague in this case.” [3]
This Court continued:
“Fla.Stat. § 404.01, F.S.A., of the chapter in Definitions lists specific types of substances to which the entire Ch. 404 is to apply. These include barbiturates, central nervous system stimulants, and hallucinogenic drugs. Fla.Stat. § 404.02, F.S.A., makes unlawful the delivery of barbiturates, central nervous system stimulants, or of ‘any * * * other drug controlled by this chapter,’ and also makes unlawful the possession of barbiturates, central nervous system stimulants, ‘or other drug controlled by this law * * *.’
“Reading Fla.Stat. §§ 404.01 and 404.02, F.S.A., in conjunction, the only reasonable conclusion is that the Legislature intended to make unlawful under § 404.-02, the possession or delivery of substances named in § 404.01.” [4]
As applicable to the case at bar, when Chapter 71-107, Laws of Florida, became effective, “cannabis” was defined by Section 404.01(12) and the delivery and possession thereof were clearly proscribed by Sections 404.02(1) and 404.02(4), Florida Statutes. The intent of the Legislature was clear and constitutionally precise.
Accordingly, the judgment of the trial court is affirmed.
It is so ordered.
CARLTON, C. J., and ROBERTS, ADKINS, McCAIN and DEKLE, JJ., concur.
ERVIN, J., dissents with Opinion.

. Said order reads, in part:
“ORDERED and ADJUDGED as follows :
“1. That Defendant’s Motion to Dismiss the Information be and the same is hereby denied. In this denial the Court expressly holds among other things that Chapter 404, Florida Statutes, F.S.A., and the Sub-Chapters thereof are not unconstitutional on account of vagueness as applied to Cannabis, and that said Statute and the Sub-Sections thereof as applied to Cannabis is constitutional and not in violation of the due process clause of the Constitution of the United States of America nor in violation of the Declaration of Rights of the Constitution of the State of Florida or any provision thereof.”

. 240 So.2d 1 (Fla.1970).

. Id. at 2.

.Id. at 2-3.