279 So.2d 11 (1973)
STATE of Florida, Appellant,
v.
Peter Stuart WELCH, Jr., Appellee.
No. 43338.
Supreme Court of Florida.
June 6, 1973.
*12 Robert L. Shevin, Atty. Gen., Nelson E. Bailey, and C. Marie Bernard, Asst. Attys. Gen., for appellant.
Richard L. Jorandby, Public Defender, and Norman J. Kapner, Asst. Public Defender, for appellee.
McCAIN, Justice.
By direct appeal we have for review an order of the Circuit Court of Orange County which directly passed on the validity of a portion of the Florida Drug Abuse Law, Chapter 404, Florida Statutes, F.S.A. Jurisdiction over the cause is vested in this Court pursuant to Fla. Const., Article V, Section 3(b)(3) (1973), F.S.A.
On May 24, 1972, a two-count criminal information was filed against Peter Welch, charging him with possession and delivery of more than five grams of marijuana contrary to Fla. Stat. § 404.02, F.S.A.[1]
Subsequently, on October 16, 1972, Welch filed a motion to dismiss the information inter alia on the ground that portions of Chapter 404, Florida Statutes, F.S.A., were unconstitutional. Appellee's motion was originally granted by the trial court in a pro forma order; later, by "Amended Order to Dismiss", nunc pro tunc to the earlier order, the trial judge delineated the following reasons for his dismissal:
"(1) That Section 404.015 of Chapter 404, Florida Statute, is unconstitutional for vagueness to the extent that it prohibits certain acts by reference.
"(2) That the Information fails to state an offense against the laws of Florida in that Florida Statute 404.02(1) (1971) only proscribes the delivery or causing to be delivered of a barbiturate or central nervous system stimulate or other drug controlled by the Chapter. Although this statute defines cannabis sativa, the statute nowhere declares cannabis to be a barbiturate, central nervous system stimulate, hallucinogenic drug or any substance that may be `controlled' by the law. Furthermore, the provisions of the Chapter relating to prohibited acts, 404.02, Florida Statute, neither expressly, impliedly or otherwise proscribes either the possession or the delivery of cannabis.
"(3) That the Florida Legislature enacted new provisions to 404 Florida Statute, effective October 1, 1972, which among other things defines cannabis sativa to be an hallucinogenic drug (404.01 [3], Florida Statute). This new definition of cannabis sativa as an hallucinogenic brought cannabis sativa under the prohibition set out in 404.02(5) Florida Statute, but only after October 1, 1972. The defendant in this case is charged with possession of cannabis sativa prior to October 1, 1972 and subsequent to the modification of Chapter 398, Florida Statute, deleting reference to cannabis sativa. Since the Legislature made this *13 addition to Chapter 404 it impliedly admitted the exclusion of cannabis sativa in said statute prior to October 1, 1972."
The result we reach in this case is essentially controlled by our recent decision in Cuevas v. State, 279 So.2d 817 (Fla. 1973). In Cuevas we expressly held: 1) that, prior to enactment of Chapter 72-97, Laws of Florida, possession and delivery of cannabis were prohibited by Chapter 404, Florida Statutes, F.S.A.; and 2) that the phrase "or other drug controlled by this chapter" contained in Fla. Stat. § 404.02, F.S.A., supra, was of sufficient legal clarity to avoid a constitutional onslaught for vagueness. Thus, the trial judge in the instant case necessarily erred in concluding that the charges of possession and delivery of marijuana failed to state offenses against the laws of Florida.
We do not overlook the trial court's holding that Fla. Stat. § 404.015, F.S.A.[2] was unconstitutional for vagueness to the extent that it prohibited certain acts by reference. But that section of the statute applies only to drugs not covered by the laws of Florida; we determined in Cuevas that cannabis was a drug covered by the laws of Florida. Thus the trial judge's decision as to that provision was unnecessary. However, inasmuch as he did pass upon the validity of Fla. Stat. § 404.015, F.S.A., and because his holding partially disagrees with a prior decision of this Court, we undertake at this time to clarify our views in this regard.
In Freimuth v. State, 272 So.2d 473 (Fla. 1972), the majority, in considering the illegality of the drug STP under Chapter 404, Florida Statutes, F.S.A., held the Drug Abuse Law unconstitutional insofar as it sought to incorporate by reference future acts of the United States Congress:
"Petitioner's claim of conflict with Florida Industrial Commission v. State, supra [155 Fla. 772, 21 So.2d 599], presents a more serious problem. There, this Court said that the Legislature may adopt provisions of federal statutes and administrative rules made by a federal administrative body,
"`that are in existence and in effect at the time the legislature acts, but it would be an unconstitutional delegation of legislative power for the legislature to adopt in advance any federal act or the ruling of any federal administrative body that Congress or such administrative body might see fit to adopt in the future.' (Text 21 So.2d 602.)
"We believe this rule of law just quoted should be recognized insofar as Federal bodies are concerned as well as laws and rules of other states while it would not be true of rules adopted by state agencies pursuant to prior authority duly delegated to them by Florida law."
Justice Drew, concurring with the majority on the question of incorporation by reference, made the following observations:
"I concur in the judgment quashing the decision of the District Court of Appeal solely because the listing of the drug STP in the federal Register occurred subsequent to the enactment by the Florida Legislature of Chapter 67-136 in 1967. The Legislature may lawfully adopt provisions of other laws or regulations which are in existence (and are therefore presumably incorporated in the legislative act) at the time of the enactment. But the courts have uniformly and without deviation held that any attempt by the Legislature or other law making branch of any segment of the government to incorporate into a law future regulations of administrative bodies or laws of other jurisdictions is an *14 unconstitutional delegation of a power it alone possesses... ."
It appears, therefore, that the ultimate conclusion of the trial court on the constitutionality of Fla. Stat. § 404.015, F.S.A., is correct insofar as that section purports to incorporate by reference future legislative and/or administrative actions of jurisdictions outside Florida. His conclusion is incorrect, however, insofar as it overturns other portions of the section for "vagueness". We clearly indicated in Freimuth that it was permissible for the Legislature to incorporate by reference future "rules adopted by state agencies pursuant to prior authority duly delegated to them by Florida law." Moreover, we overturned the defendant's conviction in Freimuth because the drug STP was not illegal under federal law at the time of enactment of the relevant provision of Chapter 404. The reasonable inference to be drawn from that holding is that incorporation by reference of federal laws, as expressed in Fla. Stat. § 404.015, F.S.A., is constitutional except insofar as it represents an unlawful delegation of legislative authority. But, lest there be any remaining doubt as to our position, it is our judgment that Fla. Stat. § 404.015, F.S.A., is not unconstitutionally vague, although it is in part susceptible to constitutional challenge as an unlawful delegation of legislative authority.
Accordingly, the order of the trial court is affirmed in part and reversed in part, the information is reinstated in the Circuit Court, and the cause remanded to the trial court for further proceedings.
It is so ordered.
CARLTON, C.J., and ROBERTS, ADKINS, BOYD and DEKLE, JJ., concur.
ERVIN, J., dissents in part and concurs in part with opinion.
ERVIN, Justice (dissenting in part and concurring in part):
I conclude the trial judge was correct in holding that the drug statute was unconstitutionally vague in not including cannabis in the prohibited class of drugs until it was included in the hallucinogenic class by Ch. 72-97. See my dissent in Cuevas v. State, Fla., 279 So.2d 817. I agree, however, to what is said by the majority regarding Freimuth v. State (Fla. 1972) 272 So.2d 473.
NOTES
[1] "404.02. Prohibited acts.  The following shall be unlawful:

"(1) The delivering or causing to be delivered of any barbiturate or central nervous system stimulant or other drug controlled by this chapter, ..."
[2] "404.015 Legislative intent.  It is the intent of the legislature that all drugs controlled by the drug abuse laws of the United States, now or in the future, shall, in addition to the drugs specified by the laws of Florida, be controlled by the terms of this chapter."