GRIMES, Judge.
Defendant was charged by information filed on January 12, 1973, with a violation of Fla.Stat. § 404.02, in that on December 21, 1972, he “did deliver and cause to be delivered, a barbiturate, to wit: phencycli-dine.” To this charge, defendant pled nolo contendere. He was adjudicated guilty and sentenced to prison.
Defendant now argues that despite his plea, the conviction must be set aside because the information wholly failed to charge a crime under the laws of Florida. Gibbs v. Mayo, Fla.1955, 81 So.2d 739; Catanese v. State, Fla.App.4th, 1971, 251 So.2d 572. In support of his argument, defendant cites State v. Camil, Fla. 1973, 279 So.2d 832, and State v. Hoagland, Fla.1973, 272 So.2d 478, for the proposition that the courts have consistently held that phency-clidine was not a controlled drug under § 404,02 (l).[1]
At the time applicable to the instant case, § 404.02(1) prohibited the delivery or causing the delivery of “any barbiturate or central nervous system stimulant, hallucinogenic drug, or other drug controlled by this chapter” except in enumerated situa *592 tions which are not relevant to this case. In Camil the defendant was charged with violating this section for having possessed and delivered “a hallucinogenic drug, to wit: Phenycylidine Hydrochloride, a/k/a ‘PCP’.” The Supreme Court concluded that, at the relevant times, phencyclidine was not a prohibited hallucinogenic drug' because the definition of “hallucinogenic drug” in § 404.01(3), which was designed to include any drug to which the drug abuse laws of the United States applied, was enacted before phencyclidine became a drug covered by the U.S. drug abuse laws.
In Hoagland, the court simply gave a negative answer to the certified question, “Was the delivery and possession of phen-cyclidine lawfully prohibited by Sections 404.02(1) and 404.02(5), F.S. [F.S.A.], on September 25, October 1, and December 16, 1971?” By having referred to § 404.02(5) relating to hallucinogenic drugs and from a study of the case of Freimuth v. State, Fla. 1972, 272 So.2d 473, cited in Hoagland, it seems apparent that Hoagland was only specifically passing on the question of whether phencyclidine was a prohibited hallucinogenic drug. The rationale for Hoagland was similar to that of Camil.
The information filed against the defendant in the instant case described phencyclidine as a barbiturate. § 404.02(1) separately enumerated barbiturates and hallucinogenic drugs in the disjunctive as being prohibited drugs. The fact that Camil and Hoagland had held that'phency-clidine was not a -prohibited hallucinogenic drug did not preclude the state from charging that phencyclidine was a prohibited barbiturate.[2]
Appellant’s contention that the definition of barbiturate in Fla.Stat. § 404.-01(1) into which phencyclidine may fall violates due process because it is vague and overbroad is untenable. The phrase “hypnotic and somnifacient drugs” as contained in § 404.01(1) was sufficient to inform the average person of common intelligence what was prohibited when considered in conjunction with § 404.01(12) which said in part:
"... Nothing in subsections (1), (2) and (3) of this section shall be construed to include items commonly known as patent or proprietary preparations which are sold as over-the-counter items not requiring a prescription.”
The other points raised in the appeal are without merit.
Affirmed.
BOARDMAN, Acting C. J., and SCHEB, J., concur.

. Phencyclidine is now specifically enumerated as a controlled substance in the Florida Comprehensive Drug Abuse Prevention and Control Act which was passed subsequent to the adjudication in the instant case.

. We note in passing that the Florida Comprehensive Drug Abuse Prevention and Control Act currently classifies phencyclidine in the same category as a barbiturate.