334 So.2d 601 (1976)
Bill HAND, Appellant,
v.
STATE of Florida, Appellee.
No. 46966.
Supreme Court of Florida.
June 4, 1976.
James A. Gardner, Public Defender, and Harold H. Moore, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Richard G. Pippinger, Asst. Atty. Gen., for appellee.
ENGLAND, Justice.
This case is before us on direct appeal from a decision of the Second District Court of Appeal reported at 306 So.2d 591 which initially upheld the constitutional validity of Section 404.02, Fla. Stat. (1971).
*602 Bill Hand was charged by criminal information with the delivery of "a barbiturate, to-wit: phencyclidine, in violation of Section 404.02". At the time of the admitted delivery, phencyclidine was not specifically listed as an illegal drug, but was arguably within the statutory definition of "barbiturate."[1] Hand moved to dismiss the information for failure to state a crime, which motion was denied. He then entered a plea of no contest without reserving the right to appeal. An appeal was nonetheless taken to the district court asserting that the information did not charge a crime, it being argued that this Court had held phencyclidine was not a proscribed substance in both State v. Camil, 279 So.2d 832 (Fla. 1973), and State v. Hoagland, 272 So.2d 478 (Fla. 1973). The district court held that these decisions did not determine whether phencyclidine was a "barbiturate" at the time of the admitted delivery, and "that the definition of barbiturate... into which phencyclidine may fall" is not unconstitutionally vague. Hand then filed an appeal here, asserting that the district court initially and directly construed a constitutional provision, namely the due process clause.
Except where a criminal defendant reserves the right to appeal a question of law in accordance with our decision in State v. Ashby, 245 So.2d 225 (Fla. 1971), a plea of no contest (or nolo contendere) bars the appeal of any issue other than the facial sufficiency of the charging instrument. Peel v. State, 150 So.2d 281 (Fla. App.2d 1963), appeal dismissed, 168 So.2d 147 (Fla. 1964), cert. denied, 380 U.S. 986, 85 S.Ct. 1359, 14 L.Ed.2d 279 (1965). Whether phencyclidine is or is not a barbiturate is a question of fact, and by entering the plea of no contest Hand relieved the state of its burden to prove that it was. Hand's argument here that phencyclidine is not a barbiturate, which was not passed on in either Camil or Hoagland, cannot now be considered.
Since it was improper for the district court to address any issue raised by Hand other than the facial validity of the information, that portion of the district court's opinion discussing the constitutional validity of Section 404.02, Fla. Stat. (1971), "is hereby held for naught"[2] and this appeal is dismissed.
OVERTON, C.J., and ROBERTS, ADKINS, BOYD, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] The drug phencyclidine is now specifically listed in the Florida Comprehensive Drug Abuse Prevention and Control Act, Section 893.03(3)(a), Fla. Stat. (1975).
[2] De Jong v. Pallotto, 239 So.2d 252 (Fla. 1970); P.C. Lissenden Co. v. Board of County Commissioners, 116 So.2d 632 (Fla. 1959).