COWART, Judge.
Appellant entered an unconditional plea of nolo contendere and has appealed the resulting judgment and sentence.
Florida Rule of Appellate Procedure 9.140(b) provides that a defendant may not appeal from a judgment entered upon a plea of nolo contendere without an express reservation of the right of appeal. Section 924.06(3), Florida Statutes (1979), is in accord.
Appellant was charged with being an accessory after the fact (§ 777.03, Fla.Stat. (1979)) to the felony of leaving the scene of an accident involving personal injuries (§ 316.027, Fla.Stat. (1979)) and is intrigued by the fact that he, as an accessory, is guilty of a third degree felony and is subject to five years imprisonment (§ 775.-082(3)(d), Fla.Stat. (1979)), while the person he aided is guilty of a felony subject to no more than one year imprisonment (§ 316.-027(2), Fla.Stat. (1979)). Appellant claims this result thwarts the legislative intent to appropriately differentiate between serious and minor offenses[1] and renders these statutes unconstitutional as applied to him. This sentencing anomaly was apparent before appellant entered his plea, does not render appellant’s sentence illegal and is not one of the few issues arising contemporaneously with, or after, the entry of a plea which can be raised following a plea of guilty or an unqualified plea of nolo conten-dere. See Robinson v. State, 373 So.2d 898 (Fla.1979); Hand v. State, 334 So.2d 601 (Fla.1976).
The appeal of the judgment is dismissed and the sentence is
AFFIRMED.
DAUKSCH, C. J., and COBB, J., concur.

. See § 775.012(4), Fla.Stat. (1979).