DANIEL S. PEARSON, Judge,
concurring specially.
I, too, would affirm the adjudication of delinquency. I specially concur in order to address, and reject, the State’s argument that its failure to prove that Rainbow Park Elementary was located at the exact address described in the petition (a failure which, I agree, was totally immaterial) was remedied because the trial court could have taken judicial notice of that fact or can be remedied by our taking judicial notice of that fact.
Even if, arguendo, this unproved fact was “capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned,” see § 90.202(12), Fla. Stat. (1979), and was, therefore, susceptible of being judicially noticed, a matter cannot be judicially noticed unless and until the procedures of Sections 90.203 or 90.204, Florida Statutes (1979), are observed.[1] In the present case, the juvenile was not, as required by these sections of the evidence *1061 code, given an opportunity to dispute the judicially noticed matter. Indeed, judicial notice as a possible cure for the missing proof was urged for the first time on appeal. See Garner v. Louisiana, 368 U.S. 157, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961).[2] This afterthought hardly gives the party opposing the taking of judicial notice — here, the juvenile — an opportunity to dispute this matter of evidence. Garner v. Louisiana, supra. See Ohio Bell Telephone Company v. Public Utilities Commission of Ohio, 301 U.S. 292, 57 S.Ct. 725, 81 L.Ed. 1093 (1937); United States v. Grady, 225 F.2d 410 (7th Cir. 1955). See also Panama Canal Company v. Wagner, 234 F.2d 163 (5th Cir. 1956) (Rives, J., concurring).
Therefore, I reject the State’s suggestion that where a fact is capable of being judicially noticed by the trial court, that an appellate court may assume it has been noticed; and, for the same reason, reject the State’s alternate suggestion that even if we will not make that assumption, that we, as an appellate court, take judicial notice of this unproved fact. See United States v. Jones, 580 F.2d 219 (6th Cir. 1978); United States v. Sorenson, 504 F.2d 406 (7th Cir. 1974).

. § 90.203, Fla.Stat. (1979), provides:
“Compulsory judicial notice upon request. —A court shall take judicial notice of any matter in s. 90.202 when a party requests it and:
“(1) Gives each adverse party timely written notice of the request, proof of which is filed with the court, to enable the adverse party to prepare to meet the request.
“(2) Furnishes the court with sufficient information to enable it to take judicial notice of the matter.”
§ 90.204, Fla.Stat. (1979), provides:
“Determination of propriety of judicial notice and nature of matter noticed.—
*1061 “(1) When a court determines upon its own motion that judicial notice of a matter should be taken or when a party requests such notice and shows good cause for not complying with s. 90.203(1), the court shall afford each party reasonable opportunity to present information relevant to the propriety of taking judicial notice and to the nature of the matter noticed.
“(2) In determining the propriety of taking judicial notice of a matter or the nature thereof, a court may use any source of pertinent and reliable information, whether or not furnished by a party, without regard to any exclusionary rule except a valid claim of privilege and except for the exclusions provided in s. 90.403.
“(3) If a court resorts to any documentary source of information not received in open court, the court shall make the information and its source a part of the record in the action and shall afford each party reasonable opportunity to challenge such information, before judicial notice of the matter is taken.”
To the extent that Freimuth v. State, 272 So.2d 473 (Fla.1973), suggests that it is discretionary, not mandatory, that a trial court give the parties an opportunity to be heard on the propriety of taking judicial notice and the nature of the matter noticed, we note that Freimuth antedates the passage of the Florida Evidence Code, Section 90.101, et seq., Florida Statutes (1979).

. As the Court noted in Gamer:
“There is nothing in the records to indicate that the trial judge did in fact take notice of anything. To extend the doctrine of judicial notice to the length pressed by the [State] would require us to allow the prosecution to do through argument to this Court what it is required by due process to do at the trial.” 368 U.S. at 173, 82 S.Ct. at 256.