GERSTEN, Judge.
Appellant, State, appeals an order dismissing an information charging appellee, Robert Carswell, with operating an aircraft in a careless or reckless manner in violation of section 860.13, Florida Statutes (1989). We reverse and remand.
The trial court dismissed the information based upon a holding that section 860.13, Florida Statutes, was unconstitutional. The trial court ruled: (1) that the statute violated the single-subject rule of the Florida Constitution; (2) that the statute unlawfully delegated legislative power by defining the terms “careless” and “reckless” by incorporating by reference, the standards for safe operation of aircraft prescribed in federal statutes and regulations; and (3) that the statute was impermissibly vague for failing to define what constituted “careless” or “reckless” operation of an aircraft.
We first conclude that section 860.-13, Florida Statutes, does not violate the single-subject rule of the Florida Constitution. This is because we find the matters in the statute are reasonably or logically connected. See Smith v. Department of Insurance, 507 So.2d 1080 (Fla.1987); State v. Canova, 94 So.2d 181 (Fla.1957). Moreover, even if the title to section 860.-13, Florida Statutes, may be defective, the statute’s reenactment cures any infirmity or defect in the title. See Honchell v. State, 257 So.2d 889 (Fla.1972); Alterman Transport Lines, Inc. v. State, 405 So.2d 456 (Fla. 1st DCA 1981).
We next consider whether defining the terms “careless” or “reckless” in the statute, by incorporating by reference the federal standards governing safe operation of aircraft, is an unlawful delegation of legislative power. See § 860.13(2), Fla. Stat. We conclude there is no unlawful delegation.
The rule is well-settled that the legislature may adopt the regulatory and statutory standards of the federal government so long as those standards are in existence at the time of the enactment of the statute. Adoue v. State, 408 So.2d 567 (Fla.1981); State v. Rodriquez, 365 So.2d 157 (Fla.1978); Freimuth v. State, 272 So.2d 473 (Fla.1972). Since it is undisputed that these federal standards existed at the time of the statute’s enactment, there is no improper delegation of legislative power.
We note that it would be unlawful to delegate legislative power to enact a statute which incorporates by reference federal law and regulations, which will arise in the future. Adoue v. State, 408 So.2d at 570; Freimuth v. State, 272 So.2d at 476. Section 860.13, Florida Statutes, however, does not violate this principle.
Finally, we rule that the statute is not unconstitutionally vague for failure to define the terms “careless” or “reckless.” As previously pointed out, the statute incorporates by reference the standards for safe operation of aircraft as prescribed by federal statutes or regulations. § 860.13(2), Fla.Stat. By incorporating these existing federal standards, the legislature provides the necessary notice as to what conduct is proscribed. Further, we reject appellee’s contention that the federal standards governing safe operation of aircraft are not sufficiently clear.
Accordingly, we rule that section 860.13, Florida Statutes, is not unconstitutional. We reverse the trial court’s dismissal of the information and remand the cause for further proceedings.
Reversed and remanded.